UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                                **Plaintiff,**

v.                                                           Civil Action No. 1:16-cv-00691

**FRONTIER HOT-DIP GALVANIZING, INC.,**

                                **Defendant.**
_____

**FRONTIER HOT-DIP GALVANIZING, INC.**        **THIRD PARTY COMPLAINT**

                **Third-Party Plaintiff,**

v.

**COASTAL STAFFING SERVICES OF NEW YORK, INC.,**

                **Third-Party Defendant.**
_____

Defendant and Third-Party Plaintiff, FRONTIER HOT-DIP GALVANIZING, INC. ("Frontier"), by and through their undersigned counsel, Schröder, Joseph & Associates, LLP, for its Third-Party Complaint alleges the following:

### THE PARTIES, VENUE AND JURISDICTION

1. Third-Party Plaintiff Frontier was and is a company organized and existing under the laws of the State of New York and has its principal place of business in Erie County in the State of New York.

2. Upon information and belief, at all times pertinent hereto, Third-Party Defendant, Coastal Staffing Services of New York, Inc. a/k/a Coastal Staffing NY, Inc. ("Coastal Staffing" or "Defendant Coastal Staffing") was and is a corporation organized and existing under the laws of the State of Florida and transacts business in the State of New York.

1

3. Upon information and belief, Defendant Coastal Staffing has and had at all times pertinent hereto a place of business located at 1290 Sheridan Drive, Kenmore, New York 14217.

4. The claims set forth in this Third-Party Complaint arise out of acts committed by Defendant Coastal Staffing in Erie County and the facts and circumstances and facts pertinent to such claims arise out of acts and events occurring within the jurisdiction of the United States District Court for the Western District of New York.

5. An action has been commenced in the United States District Court for the Western District of New York by the Equal Employment Opportunity Commission ("EEOC") for damages and other relief based upon alleged unlawful employment practices in violation of Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5 (f) (1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  A copy of the underlying complaint (the "EEOC's Complaint") is attached hereto as Exhibit A.

6. A copy of the Answer of Frontier to the EEOC's Complaint is attached to this Third-Party Complaint as Exhibit B.

7. The aforementioned action is not on the trial calendar of this Court.

8. Defendant/Third-Party Plaintiff Frontier generally denies liability as to the allegations of the EEOC's Complaint but is nonetheless exposed to damage by reason of a possible verdict or judgment.

9. By reason of such exposure to damage, this impleader is made against Third-Party Defendant Coastal Staffing based upon, *inter alia,* its role as employer, Coastal Staffing's breach of contract and Coastal Staffing's negligent conduct.

## FIRST CLAIM FOR CONTRACTUAL INDEMNIFICATION

10. Frontier repeats and realleges paragraphs 1 to 9 above, inclusive, with the same force and effect as if fully set forth at length herein.

11. Third-Party Plaintiff Frontier denies that it is liable for the damages and other relief sought by the EEOC's Complaint, but alleges that if there is any liability that should arise as a consequence of the allegations of the EEOC's Complaint, such liability, damages and other relief are the sole responsibility of Third-Party Defendant Coastal Staffing as the employer of certain employees and their actions referenced in the EEOC's Complaint and by reason of Coastal Staffing's implicit or explicit agreement to indemnify and hold harmless Frontier as to the employees provided by Coastal Staffing under its contract with Frontier, a copy of which is attached hereto as Exhibit C.

12. Based on the foregoing, if it is established that the EEOC is entitled to the relief against Frontier sought in the EEOC's Complaint, then Third-Party Plaintiff Frontier will be entitled to indemnification from Third-Party Defendant with respect to any such judgment in favor of the EEOC.

## SECOND CLAIM AGAINST COASTAL STAFFING FOR CONTRIBUTION

13. Frontier repeats and realleges paragraphs 1 to 12 above, inclusive, with the same force and effect as if fully set forth at length herein.

14. Third-Party Plaintiff Frontier denies that it is liable for the damages and other relief sought by the EEOC's Complaint, but alleges that if there is any liability that should arise as a consequence of the allegations of the EEOC's Complaint, such liability, damages and other relief are the sole responsibility of Third-Party Defendant Coastal Staffing as the employer of certain employees and inasmuch as any all such liability, damages and other relief are attributable to the

Third-Party Plaintiff based on its role as employer, its actions in breaching its contractual obligations to Frontier and/or on grounds that such is proximate result of the negligence, acts or omissions of Coastal Staffing.

15. Based on the foregoing, in the event of a ruling against Frontier and in favor of the EEOC and/or any of the individuals on whose behalf the EEOC has brought its claims, then Frontier is entitled to judgment in its favor against Coastal Staffing for contribution.

### THIRD CLAIM FOR COMMON LAW INDEMNIFICATION

16. Frontier repeats and realleges paragraphs 1 to 15 above, inclusive, with the same force and effect as if fully set forth at length herein.

17. Third-Party Plaintiff Frontier denies that it is liable for the damages and other relief sought by the EEOC's Complaint, but alleges that if there is any liability that should arise as a consequence of the allegations of the EEOC's Complaint, then any liability on the part of Frontier is the result of secondary, imputed, vicarious, or passive negligence or conduct and Coastal Staffing is, by way of common law indemnification, liable for any and all sums or relief that may be awarded against Frontier.

18. Based upon the foregoing, Third-Party Plaintiff Frontier is entitled to common law indemnification and to be held harmless by Coastal Staffing.

### FOURTH CLAIM FOR BREACH OF AGREEMENT BY COASTAL STAFFING

19. Frontier repeats and realleges paragraphs 1 to 18 above, inclusive, with the same force and effect as if fully set forth at length herein.

20. As reflected in Exhibit C hereto, Third-Party Plaintiff Frontier entered into an agreement with Coastal Staffing which has been in effect from August 6, 2009 to the present and, under

which Coastal reiterated as recently as August 5, 2014 that it would continue to provide the best quality services in providing staff to Frontier.

21.     Upon information and belief, Third-Party Defendant Coastal Staffing did not properly train and/or screen staff it provided inasmuch as, upon information and belief, certain staff provided by Coastal Staffing engaged in misconduct, including without limitation, placing graffiti on Frontier's property as referenced in the EEOC's Complaint and which Frontier removed as soon as it came to Frontier's attention but which has resulted in the initiation of the underlying lawsuit by the EEOC.

22.      By reason of the breach of its obligations, commitments and agreements with Frontier, including by way of illustration the acts described in paragraph 21 above, Third-Party Defendant Coastal Staffing is liable to Frontier for all damages incurred.

23.     While the underlying lawsuit is without merit and should not have been commenced, Frontier has been damaged, including the costs of defense of this action by reason of Coastal Staffing's conduct described above.

24.     Based upon the foregoing, Third-Party Plaintiff Frontier is entitled to recover its actual and consequential damages arising from Coastal Staffing's breach of its agreement with Frontier.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Third-Party Plaintiff Frontier demands that the ultimate rights and responsibilities as between itself and the Third-Party Defendant Coastal Staffing be determined upon the trial of this action and that the Third-Party Plaintiff Frontier have judgment against the Third-Party Defendant Coastal Staffing for the full amount of any judgment and/or relief awarded against it based upon its rights for indemnification and/or contribution and/or damages for breach of contract, as set forth in the First through Fourth Claims alleged above, together with the costs

and disbursements of this action and such other and further relief as the Court deems necessary and just.

## JURY TRIAL DEMAND

Frontier requests a jury trial on all questions of fact raised by the EEOC's Complaint, by Frontier's Answer to the EEOC's Complaint and by Frontier's Third-Party Complaint against Coastal Staffing.

DATED:    November 7, 2016
          Buffalo, New York

        Respectfully submitted,

        **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

By:   /s/ Jennifer L. Friedman
      Jennifer L. Friedman, Esq.
      Ginger D. Schröder, Esq.
      Linda H. Joseph, Esq.
      *Attorneys for Defendant and Third-Party Plaintiff Frontier Hot –Dip Galvanizing, Inc.*
      Schröder, Joseph & Associates, LLP
      392 Pearl Street, Suite 301
      Buffalo, New York 14202
      (716) 881-4900-Telephone
      (716) 881-4909-Facsimile
      jfriedman@sjalegal.com
      gschroder@sjalegal.com
      ljoseph@sjalegal.com