**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

            **Plaintiff,**

**v.**                                                            **16-CV-0691V(Sr)**

**FRONTIER HOT-DIP GALVANIZING, INC.,**

            **Defendant/Third Party Plaintiff,**

**V.**

**COASTAL STAFFING SERVICES OF**
**NEW YORK,**

            **Third Party Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #15.

Currently before the Court is the Equal Employment Opportunity

Commission's ("EEOC's"), motion to strike eleven of defendant Frontier Hot-Dip

Galvanizing, Inc.'s ("Frontier's"), affirmative defenses (Dkt. #13); Coastal Staffing

Services of New York's ("Coastal Staffing's"), motion for judgment on the pleadings

(Dkt. #20); and Frontier's motion to amend its third party complaint.  Dkt. #25.  For the

following reasons, it is recommended that the EEOC's motion be granted in part;

Coastal Staffing's motion be granted; and Frontier's motion be denied.

## FACTUAL BACKGROUND

The EEOC commenced this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, against Frontier on behalf of two black employees, one of whom is Haitian, and other similarly aggrieved black employees, who were subjected to racial and national origin discrimination and a hostile work environment, as evidenced by racial slurs uttered by co-workers and supervisors and racist graffiti which remained in the workplace, and were terminated from employment after complaining about their work conditions to Frontier and the EEOC. Dkt. #1.

Frontier answered the complaint by generally denying the allegations and asserting that the employees were terminated for just cause and not in retaliation for their complaints of discrimination.  Dkt. #8.  Frontier asserts 25 affirmative defenses in its answer.  Dkt. #8.

Frontier commenced a third party action against Coastal Staffing, alleging that Coastal Staffing breached its contract to "continue to provide the best quality services in providing staff to Frontier," and engaged in negligent conduct by failing to properly train and/or screen staff to exclude individuals who would engage in misconduct.  Dkt. #9.  Frontier's third party complaint seeks contractual indemnification, common law indemnification and damages resulting from Coastal Staffing's breach of contract.  Dkt. #9.

The fee agreement between Frontier and Coastal Staffing states that Coastal Staffing would provide temporary employees to Frontier and, in the event that Coastal Staffing provided the employees Frontier was looking for, Frontier would pay Coastal Staffing at a set rate.  Dkt. #9-3, p.1  A subsequent letter setting forth increased rates expressed appreciation to Frontier "for being a loyal and valued customer" and assured Frontier that Coastal Staffing would "continue to provide you with the best quality service."  Dkt. #9-3, p.2.

Frontier's proposed amended complaint asserts that Coastal Staffing was an employer and/or joint employer with respect to temporary employees placed by Coastal Staffing to work at Frontier's facility, including at least some of the employees alleged to have engaged in discrimination.  Dkt. #25-3, ¶¶ 15 & 17.  Frontier alleges the Coastal Staffing knew or should have known that some or all of its employees placed at Frontier had a history of engaging in inappropriate and/or unlawful discriminatory harassment and were likely to engage in similar conduct while working at Frontier.  Dkt. #25-3, ¶ 20.  Frontier's proposed amended complaint asserts two causes of action: (1) contribution pursuant to Article 14 of New York's Civil Practice Law and Rules based upon Coastal Staffing's status as a joint employer with Frontier (Dkt. #25-3, ¶¶ 23-30); and (2) breach of contract based upon Coastal Staffing's failure to adequately screen and train employees assigned to work at Frontier's facility and its provision to Frontier of employees who engaged in harassing conduct, including the placement of graffiti on Frontier's property.  Dkt. #25-3, ¶¶ 31-36.

-3-

## DISCUSSION AND ANALYSIS

<u>Judgment on the Pleadings/Amendment of Third Party Complaint</u>

Coastal Staffing argues that there is no contractual basis for Frontier's claims of indemnification and contribution and, in any event, Frontier cannot escape its own liability under Title VII by making such a claim against Coastal Staffing.  Dkt. #22.

Frontier withdraws its claims of indemnification and moves to amend the complaint to clarify its claim to contribution pursuant to Article 14 of New York's Civil Practice Law and Rules based upon Coastal Staffing's status as a joint employer and for breach of contract based upon Coastal Staffing's failure to adequately screen employees assigned to work at Frontier's facility and its knowledge, or failure to discern, that such employees had a history of engaging in unlawful harassment.  Dkt. #25-1.

Coastal Staffing replies that the proposed amendments to the complaint are futile because Frontier cannot use a state statute to pursue contribution for liability imposed under a federal statute.  Dkt. #26, pp.8-7.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)(6).  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the

complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). "If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *Olin Corp. v. E.I. Dupont De Nemours and Corp.*, No. 05-CV-100S(SC), 2006 WL 839415 (W.D.N.Y. March 27, 2006).

To establish a breach of contract under New York law, a plaintiff must plead the following elements: (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach. *Wolff v. Rare Medium, Inc.*, 210 F. Supp.2d 490, 495 (S.D.N.Y. 2002), *aff'd*, 65 Fed. Appx 736 (2d Cir. 2003). "When pleading these elements, a plaintiff must identify the specific provision of the contract that was breached as a result of the acts at issue." *Id*.; *See Orange County Choppers, Inc. v. Oleas Enterprises, Inc*., 497 F. Supp.2d 541, 554 (S.D.N.Y. 2007) (dismissing breach of contract claim where plaintiff "fails to allege the specific provision of the Agreement that [defendant] allegedly breached - an essential requirement for a breach

of contract claim.").  Where the plain language of the agreement fails to support the existence of the obligation allegedly breached by the defendant, the claim will be dismissed.  *Wolff,* 210 F. Supp.2d at 496.

When a party claims that a duty to indemnify is imposed by contract, that contract must be "strictly construed" and demonstrate an "unmistakable intent" to indemnify the negligent party.  *Haynes v. Kleinewefers & Lembo Corp*., 921 F.2d 453, 456 (2d Cir. 1990); *See Hooper Assocs. v. AGS Computers, Inc*., 74 N.Y.2d 487, 491 (1989) "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.").  Absent express language, the unmistakable intent to indemnify must be "clearly implied from the language and purposes of the entire agreement."  *Haynes,* 921 F.2d at 456.  If indemnification is not the unmistakable intent of the parties, the claim must be dismissed. *Tonking v. Port Auth*., 3 N.Y.3d 486, 490 (2004).

In the instant case, Frontier has failed to allege any agreement by Coastal Staffing to screen employees for a history of workplace discrimination and neither the fee agreement nor the subsequent letter setting forth increased rates provides any suggestion, let alone an unmistakable intent, that Coastal Staffing would indemnify, contribute or otherwise incur liability for discrimination or retaliation at Frontier's workplace.  In any event, "it is well established that a Title VII defendant has no right of

indemnification or contribution."  *Olvera-Morales v. Sterling Onions, Inc*., 322 F. Supp.2d 211, 222 (N.D.N.Y. 2004), *citing Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 94-95 (1981); *Anderson v. Local Union No. 3, Int'l Bhd of Elec. Workers*, 751 F.2d 546, 548-49 (2d Cir. 1984); *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 272 F. Supp.2d 217, 220-22 (W.D.N.Y. 2003).  Where, as here, the claim arises under a federal statute, federal law provides the rule of decision and state laws regarding contribution or indemnity afford no recourse.  *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo*., No. 04-CV-7497, 2007 WL 633951, at *7 (S.D.N.Y. Feb. 26, 2007), *citing Herman v. RSR Sec'y Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) ("federal courts recognize a right to contribution under state law only 'in cases in which state law supplie[s] the appropriate rule of decision.'"), *quoting Northwest*, 451 U.S. at 97, n.38.  Accordingly, it is recommended that Coastal Staffing's motion for judgment on the pleadings be granted and Frontier's motion to amend its complaint be denied as futile.

## Motion to Strike Affirmative Defenses

The EEOC argues that the proper standard of review for a motion to strike is the same as for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. #14, p.2.  The EEOC argues that Frontier's affirmative defenses are so conclusory as to deny plaintiff sufficient notice of their basis; are not affirmative defenses at all; and are either legally insufficient or inapplicable to Title VII claims.  Dkt. #14.

-8-

Frontier argues that it is unfair and prejudicial to require it to include the factual basis for its affirmative defenses in its answer when it has yet to obtain such facts through discovery.  Dkt. #19, p.4.  Alternatively, Frontier seeks leave to replead its affirmative defenses.  Dkt. #19, p.12.

The EEOC replies that the affirmative defenses fail as a matter of law under any standard of review.  Dkt. #24, p.2.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8 (b)(1)(A).[1]  The Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" when a pleading is insufficient.  Fed. R. Civ. P. 12(f).  To prevail on a motion to strike an affirmative defense, the moving party must show: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense. *Sibley*, 304 F.R.D. at 132.

---

[1] In contrast, where a pleading states a claim for relief, Fed. R. Civ. P. 8(a)(2) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Although there has been much discussion regarding the applicability of the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses, this Court agrees with the majority of district courts which have determined that the plausibility standard does not apply to affirmative defenses.  *See Sibley v. Choice Hotels, Int'l, Inc.,* 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (collecting cases).

"In considering the first and second prongs, courts apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b)(6)."  *City of New York v. Fedex Ground Package Sys., Inc*., 314 F.R.D. 348, 355 (S.D.N.Y. 2016). However, a motion to strike is not intended "to furnish an opportunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits."  *Carter-Wallace, Inc. v. Riverton Laboratories, Inc*., 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969).  In evaluating the third prong, the Court may consider whether inclusion of the legally insufficient defense would needlessly increase the time and expense of trial or duration and expense of litigation." *Fedex*, 314 F.R.D. at 355 (internal quotations omitted). "[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation." *Coach, Inc. v. Kmart Corps*., 756 F. Supp.2d 421, 426 (S.D.N.Y. 2010).

Motions to strike affirmative defenses are generally disfavored,[2] but should be granted where the affirmative defense contains nothing more than bald assertions, unaccompanied by supporting facts. *Shechter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy).

---

[2] As noted  by one court, "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."  *Raymond Weil, S.A. v. Theron*, 585 F. Supp.2d 473, 489 (S.D.N.Y. 2008).

## Exhaustion of Administrative Remedies

The second affirmative defense asserts that the employees represented by the EEOC failed to exhaust all available administrative remedies and failed to comply with the statutory prerequisites to the filing of this action. Dkt. #8, p.16.

The EEOC argues that this affirmative defense fails to provide particularity as required by Fed. R. Civ. P. 9(c).  Dkt. #14, p.19.

Frontier argues that Rule 9(c) does not apply.  Dkt. #19, p.9.  Alternatively, it seeks leave to amend its Answer.  Dkt. #19, pp.10 & 12.

Rule 9(c) of the Federal Rules of Civil Procedure provides:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

There is no legal basis for arguing that this rule is not applicable to the instant case and district courts in this circuit have applied it in similar circumstances.  *See, e.g.*, *EEOC v. United Parcel Serv.,*  15-CV-4141, 2017 WL 2829513, at * 14 (E.D.N.Y. June 29, 2017). In that case, as here, "Defendant "has failed to articulate which, if any, administrative procedures Plaintiff failed to complete before bringing suit."  *Id*.  Accordingly, it is recommended that this affirmative defense be stricken without prejudice.

**Statute of Limitations**

The third affirmative defense asserts the statute of limitations.  Dkt. #8, p.16.

The EEOC argues that it is not subject to a limitation of the time in which to bring a Title VII action.  Dkt. #14, p.20.

Title VII "imposes no limitation upon the power of the EEOC to file suit in federal court."  *United Parcel Serv*., 2017 WL 2829513, at *13, *quoting Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977).  Accordingly, it is recommended that this affirmative defense be stricken with prejudice.

**Scope of Charge**

The fourth affirmative defense asserts that the complaint exceeds the scope of the administrative charges of discrimination made by the complaining employees.  Dkt. #8, p.16.

The EEOC argues that it is permitted to include within its enforcement action any violation ascertained in the course of its investigation of the charging party's complaint. Dkt. #14, p.21.

The content of an individual employee's charge does not limit the scope of a lawsuit brought by the EEOC in an enforcement capacity.  *EEOC v. Kelly Drye &*

*Warren*, LLP, No. 10 Civ. 655, 2011 WL 3163443, at * (S.D.N.Y. July 25, 2011).

Accordingly, it is recommended that this affirmative defense be stricken with prejudice.


### Respondeat Superior/Scope of Authority

The sixth affirmative defense asserts that Frontier is not liable for the acts

of its employees and that any unlawful acts were committed by individuals acting

outside the scope of their authority.  Dkt. #8, p.16.


The EEOC argues that Frontier is strictly liable for tangible employment

actions such as termination.  Dkt. #14, p.23.  The EEOC complains that this affirmative

defense fails to give it sufficient notice as to the basis of the defense.  Dkt. #14, p.24.


Frontier argues that it has afforded the EEOC sufficient notice of its

defense.  Dkt. #19, p.11.


"An employer is subject to vicarious liability to a victimized employee for

an actionable hostile environment created by a supervisor with immediate (or

successively higher) authority over the employee."  *Faragher v. City of Boca Raton*, 524

U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

When no tangible employment action is taken, an employer may raise an affirmative

defense comprising two necessary elements: (1) the employer exercised reasonable

care to prevent and correct promptly any sexually harassing behavior; and (2) the

employee unreasonably failed to take advantage of any preventive or corrective

opportunities provided by the employer.  *Id.*  This affirmative defense is not available when the supervisor's harassment culminates in a tangible employment action, such as discharge.  *Id.*  As it is unclear whether Frontier is raising the Faragher/Ellerth affirmative defense, it is recommended that the sixth affirmative defense be stricken without prejudice.

### Equitable Affirmative Defenses

The seventh affirmative defense asserts that the employees represented by the EEOC are estopped from asserting their claims and/or have waived their claims by reason of the own actions.  Dkt. #8, p.16.  The twenty-fourth affirmative defense asserts laches.  Dkt. #8, p.19. The twenty-fifth affirmative defense asserts unclean hands.  Dkt. #8, p.19.

The EEOC argues that Frontier's apparent defense that the termination of the employees was justified rather than discriminatory and/or that the employees failed to follow policies regarding reporting of harassment does not support an affirmative defense of waiver or estoppel.  Dkt. #14, p.17.  The EEOC also argues that estoppel is premised upon the conduct of a party, but the plaintiff in this case is the EEOC, not the employees.  Dkt. #14, p.18.  Similarly, the EEOC argues that any waiver by the employees would not be binding upon the EEOC.  Dkt. #14, p.19.  The EEOC also argues that laches is not a defense against a governmental agency.  Dkt. #14, p.9.  Similarly, the EEOC argues that the affirmative defense of unclean hands is not applicable to Title VII actions and cannot be premised on the conduct of the employees because they are not parties to this action.  Dkt. #14, p.13.

Frontier responds that waiver, laches and unclean hands are available affirmative defenses.  Dkt. #19, pp.7-9.

"Waiver is defined as the intentional relinquishment of a known right." *EEOC v. United Parcel Serv*., 2017 WL 2829513, at *11 (internal quotation omitted). "Equitable estoppel applies when a party, by its conduct, including language, acts or silence, knowingly makes a representation or conceals material facts which it intends or expects will be acted upon by the other party." *Id.* (internal quotation omitted). "Laches is an equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *State of New York v. United Parcel Serv., Inc.*, 160 F. Supp.3d 629, 646 (S.D.N.Y. 2016) (internal quotation omitted). "A party asserting laches must establish that: (1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay."  *Id.*  "The defense of 'unclean hands' is premised on the maxim that a party 'who has acted fraudulently, or who by deceit or any unfair means has gained an advantage' is not entitled to obtain equitable relief.'"  *EEOC v. United Parcel Serv*., 15-CV-4141, 2017 WL 2829513, at *12 (E.D.N.Y. June 29, 2017), *quoting PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2004).

"Courts have routinely held that, when acting in a capacity to enforce public rights in the public interest and discharge statutory responsibilities, government entities are not subject to all equitable defenses – such as laches or estoppel – that

could ordinarily be invoked against a private actor." *United Parcel Serv.,*160 F. Supp.3d at 640; *See Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266, 279 n.8 (2d Cir. 2005) ("laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest."), *cert. denied*, 547 U.S. 1128 (2006).  However, the case law does not "stand for the sweeping proposition that there is no set of facts pursuant to which an equitable defense might be asserted against a governmental entity." *United Parcel Serv.*, 160 F. Supp.3d at 641.  Accordingly, it is recommended that the motion to strike the equitable  affirmative defenses be denied.


### Good Faith Conciliation/Failure to Conciliate

The sixteenth affirmative defense asserts that the EEOC failed to engage in a good faith conciliation and failed to provide Frontier with information that would allow Frontier to investigate the claims.  Dkt. #8, p.18. The eighteenth affirmative defense asserts that the EEOC failed to endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation or persuasion, as required by 42 U.S.C. § 2000e-5(b).  Dkt. #8, p.18.


The EEOC argues that a good faith standard does not apply to conciliation.  Dkt. #14, p. 4 & Dkt. #24, p.3.  Moreover, the EEOC argues that Frontier has admitted that the EEOC sent Frontier a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Frontier to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief, but that the EEOC was unable to secure from

Frontier a conciliation agreement acceptable to the EEOC, prompting it to issue a Notice of Failure of Conciliation, which is all that the EEOC is required to do.  Dkt. #14, p.5.

Frontier responds that judicial review of the EEOC's compliance with its requirement to conciliate is appropriate and that the affirmative defense should remain until such time as EEOC has met its burden of demonstrating compliance with such requirements.  Dkt. #19, p.6.

The EEOC replies that Frontier has admitted the fact of conciliation discussions and simply objects to their substance.  Dkt. #24, p.4.

In it's answer, Frontier admits that the EEOC sent a letter of determination finding reasonable cause to believe that Title VII was being violated and a notice of failure of conciliation, but denies that the EEOC provided it with an opportunity to remedy the alleged discriminatory practices or that the EEOC acted in good faith during the alleged conciliation. Dkt. #8, ¶¶ 7-10.

"Before the EEOC may bring an enforcement action under Title VII, it must: (1) receive a formal charge of discrimination against the employer; (2) provide notice of the charge to the employer; (3) investigate the charge; (4) make and give notice of its determination that there was reasonable cause to believe that a violation of Title VII occurred; and (5) make a good faith effort to conciliate the charges." *EEOC v.*

-17-

*Sterling Jewelers, Inc.*, 801 F.3d 96, 100 (2d Cir. 2015) ( citing 42 U.S.C. § 2000e-5(b)

), *cert. denied*, 137 S. Ct. 47 (2016).  Although federal courts are empowered to review

whether the EEOC has fulfilled these pre-suit administrative obligations, such review is

limited to whether the EEOC afforded the employer an opportunity to discuss and

rectify a specified discriminatory practice.  *Mach Mining, LLC v. EEOC*, __ U.S. __, 135

S. Ct. 1645, 1656 (2015).  The scope of judicial review is narrow to reflect "the

abundant discretion the law gives the EEOC to decide the kind and extent of

discussions appropriate in a given case."  *Id.  Mach Mining* specifically rejected

defendant's argument that the court should consider whether the EEOC negotiated in

good faith regarding a discrimination claim.  *Id.* at 1654.


Although the EEOC is correct that the district court will not review the

substance of conciliation discussions, it has failed to establish that there is no factual or

legal issue regarding its compliance with its obligations under 42 U.S.C. § 2000e-5(b) or

that discovery with respect to those obligations would be prejudicial.  Accordingly, it is

recommended that the motion to dismiss these affirmative defenses be denied.


### Failure to Join Necessary Party

Frontier withdraws its 17th affirmative defense.  Dkt. #19, p.11.


### Admissibility of Evidence

Frontier withdraws its 20th affirmative defense.  Dkt. #19, p.11.

**CONCLUSION**

For the reasons set forth above, it is recommended that the EEOC's motion to strike affirmative defenses (Dkt. #13) be granted without prejudice as to the second and sixth affirmative defenses and with prejudice as to the third and fourth affirmative defenses and as to the seventeenth and twentieth affirmative defenses which Frontier agreed to withdraw and denied with respect to the seventh, sixteenth, eighteenth, twenty-fourth and twenty-fifth affirmative defenses; Coastal Staffing's motion for judgment on the pleadings (Dkt. #20), be granted; and that Frontier's motion to amend its complaint (Dkt. #25), be denied as futile.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

-19-

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
            **December 18, 2017**

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**