UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                                            16-CV-691

      Plaintiff,

 V.                                                    DECISION
                                                         AND ORDER

FRONTIER HOT-DIP GALVANIZING, INC.

      Defendant/Third Party Plaintiff,

 V.

COASTAL STAFFING SERVICES OF NEW YORK,

      Third Party Defendant,
_____

This matter is before the Court upon the Report and Recommendation ("the R&R") dated December 18, 2017 issued by Magistrate Judge H. Kenneth Schroeder, Jr. This case was transferred to the undersigned, the Honorable Michael A. Telesca by Order dated May 20, 2019. For the reasons discussed herein, the Court adopts the R&R in full.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Equal Employment Opportunity Commission ("the EEOC") commenced this action pursuant to Title VII of the civil Rights Act, 42. U.S.C. § 2000e et seq., against Frontier Hot-Drip Galvanizing, Inc. ("Frontier") on behalf of two black employees along with others similarly aggrieved who were subjected to racial and national origin discrimination and a hostile work environment. The complaint alleges that the employees affected were subjected to racial slurs uttered by co-workers and supervisors along with

racist graffiti which remained in the workplace and after complaining about their work conditions to Frontier and the EEOC, the employees were terminated. (Dkt. No. 1)

Frontier answered the complaint generally denying the allegations, alleging that the employees were terminated for just cause and not in retaliation for their complaints of discrimination. Frontier asserted 25 affirmative defenses in its answer. (Dkt. No. 8.)

Frontier also commenced a third-party action against Coastal Staffing Services of New York ("Coastal Staffing") alleging that Coastal Staffing breached its contract to "continue to provide the best quality services in providing staff to Frontier," and engaged in negligent conduct by failing to properly train and/or screen staff to exclude individuals who would engage in the alleged misconduct. Frontier's third party complaint seeks contractual indemnification, along with common law indemnification and damages resulting from Coastal Staff's breach of contract (Dkt. No. 9). The essence of the agreement between Frontier and Coastal Staffing states that Coastal Staffing would provide temporary employees to Frontier for which, and if satisfactory, Frontier would pay Coastal Staffing at a set rate. (Dkt. No. 9-3, p. 1) In a subsequent letter setting forth increased rates, Coastal expressed appreciation to Frontier "for being a loyal and valued customer" and assured Frontier that it would "continue to provide you with the best quality service." (Dkt. No. 9-3, p. 2)

2

Frontier alleges that Coastal Staffing knew or should have known that some or all of its employees placed at Frontier had a history of engaging in inappropriate and/or unlawful discriminatory harassment and were likely to engage in similar conduct while working at Frontier. (Dkt. No. 25-3 ¶ 20) Frontier's proposed amended complaint asserts two causes of action: (1) contribution pursuant to Article 14 of New York's Civil Practice Lw and Rules based upon Coastal Staffing's status as a joint employer with Frontier. (Dkt. No. 25-3, ¶¶ 23-30) and (2) breach of contract based upon Coastal Staffing's failure to adequately screen and train employees assigned to work at Frontier's facility. (Dkt. No. 25-3, ¶¶ 31-36)

## DISCUSSION

Coastal Staffing argues that there is no contractual basis for Frontier's claims of indemnification and contribution and Frontier cannot escape its own liability under Title VII by making such a claim against Coastal Staffing. (Dkt. No. 22)

Frontier withdrew its claims of indemnification and moved to amend the complaint to clarify its claim for contribution pursuant to Article 14, of New York's Civil Practice Law and Rules based upon Coastal Staffing's status as a joint employer and for breach of contract based on Coastal Staffing's failure to adequately screen employees assigned to work at Frontier's facility. (Dkt. No. 25-1). Coastal Staffing replies arguing that the proposed amendments to the complaint are futile because Frontier

cannot rely upon State statute to pursue contribution for liability imposed under a Federal statute. (Dkt. No. 26, pp. 7-8)

The Magistrate Judge found that Frontier failed to allege any agreement by Coastal Staffing to screen employees for history of workplace discrimination and neither the fee agreement nor the subsequent letter setting forth increased rates failed to provide an unmistakable intent, that Coastal Staffing would indemnify, contribute or otherwise incur liability for discrimination or retaliation at Frontier's workplace. The Magistrate Judge correctly noted that "Where, as here, the claim arises under a federal statute, Federal law provides the rule of decision and State laws regarding contribution or indemnity afford no recourse." (Dkt. No. 27, p. 8) Access 4All, Inc. v. Trump Int'l Hotel & Tower Condo., No. 04-cv-7497, 2007 WL 633951, at *7 (S.D.N.Y. Feb. 26, 2007), citing Herman v. RSR Sec'y Servs. Ltd., 172 F.3d 132, 144 (2d Cir. 1999) ("federal courts recognize a right to contribution under state law only in 'cases in which state law supplie[s] the appropriate rule of decision.'"), quoting Northwest, 451 U.S. at 97, n.38.

The Magistrate Judge appropriately recommended that Coastal Staffing's motion for judgment on the pleadings be granted and Frontier's motion to amend its complaint be denied as futile.

Motion to Strike Affirmative Defenses

The EEOC argued that Frontier's affirmative defenses are so conclusory as to deny Plaintiff sufficient notice of their basis; are not affirmative defenses at all; and are either legally

4

insufficient or inapplicable to Title VII claims. (Dkt. No. 14) Frontier argued that it would be unfair and prejudicial to require it to include the factual basis for its affirmative defenses in its answer when it has yet to obtain facts through discovery and, alternatively, seeks leave to replead its affirmative defenses. (Dkt. No. 19, p.12) In analyzing the authority presented by both EEOC and by Defendant Frontier, the Magistrate Judge correctly concluded that the Defendant has failed to articulate which administrative procedures Plaintiff failed to complete before bringing suit. See EEOC v. United Parcel Serv., 15-cv-4141, 2017 WL 28295113, at *14 (E.D.N.Y. June 29, 2017) Accordingly, the Magistrate Judge properly recommended that the second affirmative defense be stricken without prejudice.

Statute of Limitations

The third affirmative defense asserts the statute of limitations. (Dkt. No. 8, p.16) The EEOC argued that it was not subject to a limitation of time in which to bring a Title VII action. (Dkt. No. 14, p. 20)

Title VII "imposes no limitation upon the power of the EEOC to file suit in federal court." United Parcel Ser., 2017 WL 2829513 at *13, quoting Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 365-66 (1977). Accordingly, the affirmative defense of statute of limitations is stricken with prejudice.

Scope of Charge

The fourth affirmative defense asserted that the complaint exceeds the scope of administrative charges of discrimination made

5

by the complaining employees. (Dkt. No. 8, p. 16.) The EEOC properly argued, supported by relevant authority, that the content of an individual employee's charge does not limited the scope of lawsuit brought by the EEOC in an enforcement capacity. The Magistrate Judge correctly recommended that this affirmative defense be stricken with prejudice.

Respondeat Superior/Scope of Authority

The sixth affirmative defense asserted that Frontier is not liable for the acts of its employees and that any unlawful acts were committed by individuals acting outside the scope of their authority. (Dkt. No. 8, p. 16.)

The EEOC argued that Frontier is strictly liable for tangible employment actions such as termination. (Dkt. No. 14, p. 23.) The EEOC also complained that this affirmative defense fails to give it sufficient notice as to the basis of the defense. As the R&R points out, it is unclear whether Frontier is alleging the affirmative defense based upon the limited information alleged, and therefore, it is appropriate that the sixth affirmative defense be stricken <u>without</u> prejudice.

Equitable Affirmative Defenses

The seventh affirmative defense asserts that the employees represented by the EEOC are estopped from asserting their claims and/or have waived their claims by reasons of their own actions. (Dkt. No. 8, p.16.)

The twenty-fourth affirmative defense asserts laches and the twenty-fifth affirmative defense assert unclean hands. (Dkt. No. 8, p.19.)

Upon application of the relevant case law, the Magistrate Judge concluded that case law does not "stand for the sweeping proposition that there is no set of facts pursuant to which an equitable defense might be asserted against a governmental entity." United Parcel Serv., 160 F.Supp.3d at 641. Accordingly, the Court accepts the recommendation that the motion to strike the equitable affirmative defenses be denied.

Good Faith Conciliation/Failure to Conciliate

The sixteenth affirmative defense claims that EEOC failed to engage in a good faith conciliation and failed to provide Frontier with information that would allow Frontier to investigate the claims. (Dkt. No. 8, p. 18.) The eighteenth affirmative defense asserts that EEOC failed to endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation or persuasion, as required by 42 U.S.C. § 2000e-5(b). (Dkt. No. 8, p.18.) The R&R sets forth authority concerning this issue. Although Federal Courts are empowered to review whether the EEOC has fulfilled these pre-suit administrative obligations, such review is limited to whether the EEOC afforded the employer an opportunity to discuss and rectify a specified discriminatory practice. Mach Mining, LLC v. EEOC, __ U.S.__ 135 S.Ct. 1645, 1656 (2015). The scope of judicial review is narrow to reflect "the abundant discretion the law gives the EEOC to decide the kind and

7

extent of discussions appropriate in a given case." Id.  The Court adopts the Magistrate Judge's conclusion in recommending that the motion to dismiss these affirmative defenses be denied.

The record also reveals that Frontier withdrew its seventeenth affirmative defense, Failure to Join Necessary Party, and the Admissibility of Evidence in its twentieth affirmative defense (Dkt. No. 19, p.11.)

**CONCLUSION**

For the foregoing reasons, and based on a detailed record and proper analysis of the facts and the applicable law in the R&R, the Court adopts the following recommendations: that the EEOC's motion to strike affirmative defenses (Dkt. No. 13) be granted without prejudice as to the second and sixth affirmative defenses and with prejudice as to the third and fourth affirmative defenses and as to the seventeenth and twentieth affirmative defenses which Frontier agreed to withdraw and denied with respect to the eleventh, sixteenth, eighteenth, twenty-fourth and twenty-fifth affirmative defenses; Coastal Staffing's motion for judgment on the pleadings (Dkt. No. 20), be granted; and that Frontier's motion to amend its complaint (Dkt. No. 25), be denied as futile.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
     MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 22, 2019