**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

               **Plaintiff,**

**v.**                                                    **16-CV-0691V(Sr)**

**FRONTIER HOT-DIP GALVANIZING, INC.,**

               **Defendant.**

─────────────────────────────

<u>**DECISION AND ORDER**</u>

This matter was referred to the undersigned by the Hon. Lawrence  J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #15.


The Equal Employment Opportunity Commission ("EEOC"), commenced this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) & (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Frontier Hot-Dip Galvanizing, Inc. ("Frontier"), on behalf of two black employees (one of whom is Haitian), and other similarly aggrieved black employees who were subjected to racial and national origin discrimination and a hostile work environment and terminated from their employment after complaining about their work conditions to Frontier and the EEOC. Dkt. #1.


Currently before the Court is the EEOC's motion to compel discovery. Dkt. #65. Defendant generally objects to the scope of EEOC's discovery demands, arguing

that the scope of discovery should be limited to employees who were identified as aggrieved during the EEOC's investigation and who allege discrimination between May 25, 2013 (300 days prior to the filing of the charge of discrimination prompting the EEOC's investigation), through October 22, 2015 (the date that the EEOC issued its letter of determination and demand for conciliation). Dkt. #68. The EEOC seeks discovery from 2011 through the present, noting that the racially discriminatory conduct is alleged to be ongoing and that the individuals alleged to have engaged in racially discriminatory conduct remain employed by defendant. Dkt. #69.

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

Discovery of Employees

Before filing an action under Title VII, the EEOC must comply with the following administrative obligations prescribed by statute: (1) it must receive a formal

charge of discrimination against an employer; (2) provide notice of the charge to the employer; (3) investigate the charge; (4) make and give notice of its determination that there was reasonable cause to believe that a violation of Title VII occurred; and (5) make a good faith effort to conciliate the charge. *EEOC v. Sterling Jewelers Inc*., 801 F.3d 96, 100 (2d Cir. 2015) (citing 42 U.S.C. § 2000e-5(b)), *cert. denied*, 137 S.Ct. 47 (2016). While the EEOC is required by statute to conduct an investigation, a lawsuit commenced by the EEOC following such an investigation is not limited to employees identified during the investigation. *EEOC v. United Health Programs of Am., Inc*., 213 F. Supp.3d 377, 403-405 (E.D.N.Y. 2016); *See EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791 (5th Cir. 2016) (rejecting employer's argument that the EEOC failed to comply with its administrative obligations because it did not name specific victims during the investigation and conciliation process); *Arizona ex rel. Horne v. Geo Group, Inc*., 816 F.3d 1189 (9th Cir. 2016) (rejecting employer's argument that the EEOC must identify and conciliate on behalf of each individual aggrieved employee before filing a lawsuit seeking recovery on behalf of a class), *cert. denied*, 137 S.Ct. 623 (2017).

The EEOC is permitted to identify new claimants, including individuals who were discriminated against after the EEOC's investigation ended, so long as their claims are within the scope of the claims that were investigated, disclosed and conciliated. *EEOC v. Staffing Solutions of WNY, Inc*., 18-CV-562, 2020 WL 7407736, at *3 (W.D.N.Y. Oct. 16, 2020);  *EEOC v. United Parcel Service*, 2017 WL 9482105, *9 (E.D.N.Y. 2017); *EEOC v. Carolls Corp*., No. 5:98-CV-1772, 2011 WL 817516, at *3 (N.D.N.Y. March 2, 2011); *See also EEOC v. Evans Fruit Co., Inc*., 872 F. Supp.2d

1107, 1111 (E.D. Wash. 2012) (determining that it was not improper for the EEOC to use federal court discovery, *inter alia*, to ascertain the specific identity of additional class members so long as employer was on notice of the existence of a class during the course of the EEOC's administrative investigation).

      *EEOC v. CSRT Van Expedited, Inc*., 679 F.3d 657 (8th Cir. 2012), upon which defendant relies for the proposition that the EEOC is barred from bringing claims for individuals not identified during its investigation, appears to be an outlier, likely because of the factual circumstances presented in that case, *to wit*, the EEOC's failure to investigate the allegations of any of the 67 aggrieved persons at issue until after the complaint was filed. *See EEOC v. Schuster Co.*, 19-CV-4063, 2021 WL 1592666 (N.D. Iowa Jan. 14, 2021) (collecting cases distinguishing *CSRT Van Expedited, Inc*.); See *EEOC v. CSRT Van Expedited, Inc*., 2009 WL 2524402, at *19 (N.D. Iowa Aug. 13, 2009) ("the court is unpersuaded that defendant knew or should have known during the administrative phase of this dispute that it would need to defend against the allegations of the 67 allegedly aggrieved persons in the instant lawsuit.").

      Setting aside the question of the appropriate scope of the potential class of employees eligible for redress in this lawsuit, as the EEOC notes (Dkt. #65, p.4 n.9), disclosure of information identifying defendant's employees may produce relevant information regarding defendant's work environment which the EEOC is empowered to ameliorate regardless of whether such employees were subjected to actionable discrimination themselves.

Temporal Scope of Discovery

The Court recognizes conflicting authority as to whether the EEOC can recover for Title VII violations arising more than 300 days prior to the filing of the initial charge of discrimination against the employer. *Cf. EEOC v. Protocol of Amherst, Inc*., 19-CV-598, 2020 WL 2130688, at *1 (W.D.N.Y. March 16, 2020) (while there is conflicting authority on the question of whether the EEOC can recover for Title VII violations arising more than 300 days prior to the filing of the charge of discrimination, cases addressing the question in this district have held that it can), *R&R adopted*, 2020 WL 2127011 (May 5, 2020); *Staffing Solutions of WNY, Inc*., 2020 WL 7407736, at *1 (same); *EEOC v. Sterling Jewelers, Inc*., 08-CV-706, 2010 WL 86376 (W.D.N.Y. Jan. 6, 2010) (determining that although an administrative charge must be filed with the EEOC within the 300-day period, the EEOC is not limited to violations occurring within that period), *with EEOC v. Upstate Niagara,* 16-CV-842, 2018 WL 5312645, at *5 (W.D.N.Y. 2018) (where initial charge was filed with EEOC on May 18, 2010, the liability period for any alleged violations begins on July 22, 2009); *United Parcel Service*, 2017 WL 9482105, at *9 (EEOC cannot bring a claim that accrued more than 300 days prior to the filing of the triggering charge); *Carolls Corp*., 2011 WL 817516, at *4 (when the EEOC brings a suit in its own name under § 706 on behalf of a group of aggrieved persons, the plain language of § 2000e-5 applies and does not allow the EEOC to resurrect otherwise stale claims); *EEOC v. Bloomberg* L.P., 751 F. Supp.2d 628, (S.D.N.Y. 2010) (barring claims based on conduct that occurred more than 300 days before filing of charge of discrimination); *See also, Geo Group, Inc*., 816 F.3d at 1203 (holding that the proper starting date of an EEOC class action is 300 days prior to the

first charge of discrimination filed by an aggrieved employee); *EEOC v. CSRT Van Expedited, Inc.,* 615 F. Supp.2d 867, 877 (N.D. Iowa 2009) (collecting cases and finding the better reasoned authority holds that Title VII does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination and limiting claims to discrimination which occurred within 300 days of the filing of the initial charge of discrimination).

Regardless of how the Court of the Appeals for the Second Circuit might resolve the temporal limits of liability in lawsuits commenced pursuant to Section 706, the scope of discovery in Title VII cases is commonly extended to a reasonable number of years prior to a defendant's allegedly illegal action. *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 172 (S.D.N.Y. 2012); *See Bloomberg*, 751 F. Supp.2d at 649 n.17 (recognizing that the EEOC could use prior acts as background evidence in support of a timely claim). More generally, courts commonly extend the scope of discovery to a reasonable number of years both prior to and following the allegedly discriminatory conduct. *Upstate Niagara*, 2019 WL 4543123, at *4 (Sept. 19, 2019) (collecting cases). In *Staffing Solutions*, for example, Magistrate Judge McCarthy extended discovery beyond the conclusion of the EEOC's investigation. 2020 WL 7407736, at *3 (Oct. 16, 2020) (agreeing with the EEOC that because the complaint alleges continuing discrimination, information about potential claimants from the conclusion of the investigation to the present was relevant). Inasmuch as the instant complaint alleges that defendant has engaged in racial discrimination since at least 2011 and continues to engage in such conduct to the present, and given the EEOC's representation to the

Court that employees alleged to have engaged in such conduct remain employed with defendant, the Court finds the appropriate scope of discovery to include 2011 through the present.

Interrogatory No. 4

Interrogatory No. 4 asks defendant to identify any staffing company or other entity that placed, referred, or recommended any employee to defendant. Dkt. #65-4, p.5. Defendant responded that the interrogatory called for information which is not relevant to any claims or defenses, but identified Coastal Staffing Service, Incorporated ("Coastal Staffing), nonetheless. Dkt. #65-4, p.5. The EEOC argues that it is aware that defendant stopped working with Coastal Staffing in 2015 and seeks discovery relating to any other company that has worked with defendant. Dkt. #69, p.6. For the reasons set forth above, no later than March 25, 2022, defendant shall identify any staffing service that has worked with defendant for the time period from 2011 through the present.

Interrogatory No. 5

Interrogatory No. 5 asks defendant to identify all employees of Frontier and provide name, race, contact information, date of hire or placement, date employee was afforded permanent status, and date employee was terminated. Dkt. #65-4, p.5. Defendant responded that the interrogatory was overly broad, unduly burdensome and sought information previously provided to plaintiff or already in plaintiff's possession. Dkt. #65-4, p.5-6. In its general objections to interrogatories, defendant objected to

interrogatories that were overly broad because they were not limited in time or by reference to events relevant to this litigation. Dkt. #65-4, p.3. Defendant also responded that it had issued a subpoena to Coastal Staffing for information that may be responsive to this interrogatory. Dkt. #65-4, p.5.

In opposition to the motion to compel, defendant argues that the EEOC obtained detailed lists of the employees who worked at its facility from defendant and its staffing agency during the course of its investigation. Dkt. #68, p.5. The EEOC replies that defendant has not produced employee lists for the time period that is relevant to this case or provided the name of any third party in possession of such information. Dkt. #69. p.6. For the reasons set forth above, no later than March 25, 2022, defendant shall provide the EEOC with the information requested in this interrogatory for the time period from 2011 through the present.

Document Request No. 2

Document Request No. 2 seeks documents sufficient to identify all employees employed by Frontier by: (a) full name, (b) race; (c) last known contact information (including telephone, email and mailing address); (d) date(s) of hire or placement; (e) date individual was made permanent, if applicable; and (f) date(s) of termination, if applicable. Dkt. #65-3, p.8. Defendant responded that the request is overly broad, unduly burdensome and seeks documents regarding employees who were not identified as aggrieved during the EEOC's investigation and are outside of the relevant time period. Dkt. #65-3, p.8. Without waiving such objections, defendant

responded that it produced information during its investigation which was responsive to this request. Dkt. #65-3, p.8. In its general objections to document requests, defendant objected that plaintiff was seeking records covering a time period of 18 years, which was overly broad and unduly burdensome. Dkt. #65-3, p.5. Defendant further objected to demands for documents more than 300 days prior to the filing of the charge of discrimination prompting the EEOC's investigation and beyond the date that the EEOC issued its letter of determination and demand for conciliation. Dkt. #65-3, p.5.

In opposition to the motion to compel, defendant argues that the EEOC obtained detailed lists of the employees who worked at its facility from defendant and its staffing agency during the course of its investigation. Dkt. #68, p.5. The EEOC argues that defendant has failed to produce documents for the relevant time period or with respect to individuals not previously identified by the EEOC as aggrieved. Dkt. #69, p.7. For the reasons set forth above, no later than March 25, 2022, defendant shall provide the EEOC any documents in its possession or control that  identify all employees from 2011 through the present.

Document Request No. 5

Document Request No. 5 seeks all communications among or between defendant officers, executives, managers and/or supervisors ("management"), concerning workplace graffiti, workplace comments or harassment about race and/or national origin or the discipline or termination of employees, Basquin and Mitchell. Dkt. #65-3, p.10. Defendant responded that the request is overly broad, unduly burdensome

and seeks documents regarding employees who were not identified as aggrieved during the EEOC's investigation and are outside of the relevant time period. Dkt. #65-3, p.10. Without waiving such objections, defendant responded that it produced information during its investigation which was responsive to this request. Dkt. #65-3, p.10.

Defendant responds that it has produced all responsive documents in it's possession and/or informed the EEOC that it has no responsive documents in its custody, possession and control. Dkt. #68, p.5. The EEOC emphasizes that it alleges continued racially discriminatory conduct and seeks prospective injunctive relief to remedy such conduct. Dkt. #69, p.2. Moreover, the EEOC notes that the individuals alleged to have engaged in racially discriminatory conduct remain employed by defendant. Dkt. #69, p.2. For the reasons set forth above, no later than March 25, 2022, defendant shall provide the EEOC any documents requested that are in its possession or control for the time period of 2011 through the present.

Document Request No. 6

Document Request No. 6 seeks communications between defendant's management and any staffing company concerning the employment of specifically identified employees. Dkt. #65-3, p.10. Defendant responded that the request is overly broad, unduly burdensome and seeks documents regarding employees who were not identified as aggrieved during the EEOC's investigation and are outside of the relevant time period. Dkt. #65-3, p.10. Without waiving such objections, defendant responded

that it produced information during its investigation which was responsive to this

request. Dkt. #65-3, pp.10-11.

Defendant responds that it has produced all responsive documents in it's

possession and/or informed the EEOC that it has no responsive documents in its

custody, possession and control. Dkt. #68, p.5. More specifically, defendant responds

that it informed the EEOC that it did not have any responsive documents for those

individuals employed through Coastal Staffing, but had issued a subpoena to Coastal

Staffing for such documents. Dkt. #68, p.5. Defendant indicates that the EEOC has also

issued a subpoena to Coastal Staffing. Dkt. #68, p.5. The EEOC replies that

defendant's refusal to identify other staffing agencies has prevented it from determining

whether all relevant information has been provided. Dkt. #69, p.7. For the reasons set

forth above, defendant shall provide the EEOC any documents requested that are in its

possession or control for the time period of 2011 through the present.

Document Request No. 7

Document Request No. 7 seeks all documents and communications

concerning employees referring to black employees using, *inter alia*, racial slurs. Dkt.

#65-3, p.11. Defendant responded that the request is overly broad, unduly burdensome

and seeks documents regarding employees who were not identified as aggrieved

during the EEOC's investigation and are outside of the relevant time period. Dkt. #65-3,

p.11. Defendant also objects that plaintiff has failed to particularize the date, time or

place such slurs were allegedly used so as to permit it to conduct a search for

responsive documents. Dkt. #65-3, p.11. Without waiving such objections, defendant responded that it produced information during its investigation which was responsive to this request. Dkt. #65-3, pp.11.

Defendant responds that it has produced all responsive documents in it's possession and/or informed the EEOC that it has no responsive documents in its custody, possession and control. Dkt. #68, p.5. The EEOC replies that defendant has limited its disclosure to the aggrieved individuals identified by the EEOC in its initial disclosures. Dkt. #69, p.7. The EEOC emphasizes that it alleges continued racially discriminatory conduct and seeks prospective injunctive relief to remedy such conduct. Dkt. #69, p.2. Moreover, the EEOC notes that the individuals alleged to have engaged in racially discriminatory conduct remain employed by defendant. Dkt. #69, p.2. For the reasons set forth above, defendant shall provide the EEOC any documents requested that are in its possession or control for the time period of 2011 through the present.

Document Request No. 8

Document Request No. 8 seeks all documents and communications concerning Superintendent Oshirak's use of racial slurs or presence when employees used racial slurs. Dkt. #65-3, p.11. Defendant responds that the request is overly broad, unduly burdensome and seeks documents regarding employees who were not identified as aggrieved during the EEOC's investigation and are outside of the relevant time period. Dkt. #65-3, p.12. Defendant also objects that plaintiff has failed to particularize the date, time or place such slurs were allegedly used so as to permit it to

conduct a search for responsive documents. Dkt. #65-3, p.12. Without waiving such objections, defendant responded that it produced information during its investigation which was responsive to this request. Dkt. #65-3, pp.12.

Defendant responds that it has produced all responsive documents in it's possession and/or informed the EEOC that it has no responsive documents in its custody, possession and control. Dkt. #68, p.5. The EEOC replies that defendant has limited its disclosure to the aggrieved individuals identified by the EEOC in its initial disclosures. Dkt. #69, p.7. The EEOC emphasizes that it alleges continued racially discriminatory conduct and seeks prospective injunctive relief to remedy such conduct. Dkt. #69, p.2. Moreover, the EEOC notes that the individuals alleged to have engaged in racially discriminatory conduct remain employed by defendant. Dkt. #69, p.2.  For the reasons set forth above, defendant shall provide the EEOC any documents requested that are in its possession or control for the time period of 2011 through the present.

SO ORDERED.

DATED:    Buffalo, New York
          February 28, 2022

                                    s/ H. Kenneth Schroeder, Jr.
                                    H. KENNETH SCHROEDER, JR.
                                    United States Magistrate Judge

-13-