

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
For General Information: (800) 669-4000
TTY: (800)-669-6820
Local Office: (716) 431-5007
General Fax: BuffFaxMain@EEOC.gov

James E.B. Bobseine
Trial Attorney
Phone: (716) 431-5023
Fax: (716) 551-4387
Email: james.bobseine@eeoc.gov

November 21, 2022

**BY ECF**

Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge
United States District Court for the Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re: *E.E.O.C. v. Frontier Hot-Dip Galvanizing, Inc.*, 1:16-cv-00691-LJV-HKS

Dear Judge Schroeder:

Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), submits this letter motion asking the Court to compel Defendant Frontier Hot-Dip Galvanizing, Inc. ("Frontier") to produce Frontier's financial information in the form of its most recent financial statements and tax returns. The EEOC brought this Title VII lawsuit to remedy egregious racial and national origin-based harassment, and retaliation. In this litigation, the EEOC seeks various forms of relief, including punitive damages. As Your Honor has previously ruled in *Spin Master Ltd. v. Bureau Veritas Consumer Prod. Serv., Inc.*, where punitive damages are sought, pre-trial discovery of a defendant's most recent financial information is "most efficient." No. 08-CV-923A (SR), 2016 WL 690819, at *18 (W.D.N.Y. Feb. 22, 2016) (Schroeder, J.). Frontier has refused to provide up-to-date financial information, despite the EEOC's repeated requests. As a result, the EEOC respectfully requests that this Court order Frontier to produce the requested discovery.

*Brief Factual Background*

In its Complaint, the EEOC asks that the Court order certain relief, including punitive damages. ECF No. 1, at 11. Frontier is a privately-owned company that does not make public its financial condition. *See* Exhibit A (Excerpt of Lewis Pierce Deposition), at 20:24-21:8. In the EEOC's initial document requests (dated August 19, 2019, excerpted as Exhibit B), Request No. 31 sought various financial documents from Frontier, including income tax returns and financial statements. In response (*see* Exhibit C), Frontier objected to most of what the EEOC requested as premature but produced audited financial statements for Fiscal Year 2017 and Fiscal Year 2018, together with Frontier's 2017 and 2018 federal and state tax returns. Discovery was put largely on hold from December 10, 2019, to February 28, 2022, as the EEOC's motion to compel production of updated Frontier employee information was pending. On February 28, 2022, this Court granted the EEOC's motion to compel, *see* ECF No. 79, and discovery resumed.

Since discovery resumed, the EEOC has repeatedly asked for updated financial documents, most recently in September 2022, during the depositions of Frontier's President Lewis Pierce and Vice President Robert Pierce. *See* Exhibit C, at 193:24-194:8, and Exhibit D (Excerpt of Robert Pierce

Deposition), at 6:4-8:22. Frontier has refused to provide updated financial documents, despite almost four years having passed since it provided the EEOC with any financial information. On September 21, 2022, Frontier's counsel also instructed Robert Pierce, who is responsible for Frontier's accounting, not to answer numerous deposition questions relating to Frontier's financial condition. *See, e.g.*, Exhibit D, at 8:10-13. What little the EEOC has learned in discovery about Frontier's financial condition since 2019 strongly suggests that it has changed since Fiscal Years 2017-2018. At Lewis Pierce's deposition, for example, he described Frontier's business as experiencing recent unique, substantial financial pressures, including use of approximately $500,000 in cash reserves to purchase a new galvanizing kettle[1], as well as sharply rising commodity costs[2] and labor costs.[3] (At a later deposition, Frontier improperly requested that Lewis Pierce's testimony about Frontier's financial condition be "stricken." Exhibit D, at 6:23-7:1.) Charging Party Johnny Mitchell also testified that he had learned from a current, longtime Frontier employee that Frontier is considering purchasing a new facility at a cost of more than $1 million. Exhibit E (Excerpt of Mitchell Deposition), at 230:7-12.

### *Frontier Must Provide Updated Financial Information in Discovery*

Frontier has an obligation to provide updated financial information in discovery, specifically its most recent income tax returns and financial statements. First, up-to-date financial information is clearly relevant and discoverable. *See generally Spin Master Ltd.*, 2016 WL 690819, at *18 (citing *Renaissance Nutrition, Inc. v. Jarrett*, No. 06-CV-0380S(SR), 2008 WL 1848600 (W.D.N.Y. Apr. 23, 2008) (Schroeder, J.)). Because the EEOC has asserted a claim for punitive damages, "a court may take defendant['s] financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded." *Id.*[4] The EEOC sought to obtain the information through alternative means—specifically, deposing Frontier's executives, but Frontier's counsel prevented that method. As a privately-owned company, Frontier's financial condition is not publicly available. Thus, production of updated financial documentation is the only way for this evidence to be obtained. *Compare Renaissance Nutrition, Inc.*, at *9 (denying plaintiff's request for defendants' tax returns where defendants have already provided recent banking documents and 1099s that showed defendants' income and expenses). Moreover, the long outdated financial information Frontier has provided to date is insufficient. *See Spin Master Ltd.*, 2016 WL 690819, at *18 ("Disclosure of [a defendant's] ***most recent*** annual audited financial statement is sufficient." (emphasis added)).

Second, under Federal Rule 26(e), a party who has responded to a request for production must timely supplement or correct its disclosure of response. Frontier's 2018 tax return is the most recent documentary evidence produced by Frontier about its financial condition. This tax return covered the fiscal year ending April 30, 2019, or **approximately 43 months ago**. Frontier has failed to meet its obligations to timely supplement or correct this disclosure, despite evidence suggesting that Frontier's financial circumstances have changed since then—including the testimony of Frontier's chief executive. But Frontier is improperly stonewalling the EEOC's efforts to discover if that is

---

[1] Exhibit A, at 179:21-180:14.

[2] *Id.*, at 185:1-13.

[3] *Id.*, at 187:14-25.

[4] In this case, the jury will be instructed that Frontier's financial circumstances may be considered in assessing any punitive damages.

true, and, if so, to what degree. Regardless, a nearly four-year-old snapshot of Frontier's financial condition cannot satisfy the principle laid out in *Spin Master* and *Renaissance Nutrition*.

### *Conclusion*

For the foregoing reasons, the EEOC respectfully requests the Court to compel Frontier to produce audited financial statements for its most recent fiscal year, together with Frontier's most recent federal and state tax returns and to continue to supplement for subsequent years as the case goes forward.

                                            Sincerely,

                                            James E.B. Bobseine