

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY  14202

James E.B. Bobseine
Trial Attorney
Phone: (716) 431-5023
Fax: (716) 551-4387
Email: james.bobseine@eeoc.gov

For General Information: (800) 669-4000
TTY: (800)-669-6820
Local Office: (716) 431-5007
General Fax: BuffFaxMain@EEOC.gov

April 17, 2023

**BY ECF**

Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge
United States District Court for the Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re: *E.E.O.C. v. Frontier Hot-Dip Galvanizing, Inc.*, 1:16-cv-00691-LJV-HKS

Dear Judge Schroeder:

Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that since 2011 Defendant Frontier Hot-Dip Galvanizing, Inc. ("Frontier") has subjected a class of Black employees ("Claimants") to egregious racial harassment. The EEOC submits this letter motion asking the Court to compel Frontier to produce all 20 Claimants' payroll records—specifically the weekly timesheets Frontier has in its possession that show dates and times worked by Claimants. To date, Frontier has produced only a cherry-picked selection of timesheets for these Claimants and refused to produce the complete set. This evidence is discoverable because it is important to determine liability and damages in this lawsuit. For example, the requested timesheets are essential to confirm the time frame and length of time Claimants endured the racially hostile work environment. The EEOC respectfully requests that this Court order Frontier to produce Claimants' payroll records (i.e., timesheets) from 2011 to the present. This discovery dispute was described by the EEOC briefly in letters to the Court filed on March 31, 2023, and April 3, 2023. *See* ECF Nos. 100 and 102. The EEOC now moves to compel to ensure this discovery dispute is properly before the Court.

*Brief Factual Background*

The 20 Claimants[1] were subjected to workplace racial harassment at Frontier between at least 2011 and the present. *See generally* ECF No. 1, at Paras. 12, 14. As Your Honor observed in a discovery order last February, "the appropriate scope of discovery . . . [is] 2011 through the present." *See, e.g.*, ECF No. 79, at 7. Frontier has timesheets in its possession going back until at least 2012 (*see* ECF No. 98-6, at Para. 19, Aff. of Jeff Pruet describing review of "the weekly timesheets for 2012"), but likely going back to 2011. Yet Frontier has produced only a smattering of timesheets to date and refused even to answer if it has produced all timesheets for Claimants.

---

[1] These 20 Black former employees of Frontier have all been identified to Frontier and have been deposed by Frontier.

Early last year, the payroll records of third-party staffing company Coastal Staffing Service, Inc. ("Coastal")—which potentially showed dates and hours worked by Claimants at Frontier from 2011 to August 2013—were destroyed in a flooding accident at Coastal's headquarters.[2] During the EEOC's pre-lawsuit investigation, it obtained limited payroll records showing hours worked by temporary employees assigned to Frontier by Coastal from August 2013 to May 20, 2015. The EEOC produced these documents to Frontier in discovery. In discovery, the EEOC also obtained from other third-party staffing companies records of start and end dates (but not hours or specific dates worked) for "temporary" employees assigned to Frontier between 2015 and 2022. The EEOC produced these to Frontier.

The EEOC first sought Frontier's payroll records in July 2019, when it sent a document request to Frontier (attached as Exhibit A) seeking (among other items) all documents relating to Claimants' employment at Frontier, including "pay information" and "pay history." Ex. A, at Request No. 1. Defendant produced no timesheets at all until after Claimant depositions began in December 2022, when it began selectively producing copies of *some* handwritten timesheets showing *some* hours worked by the Claimants. Frontier produced these timesheets immediately prior to (and sometimes during) Claimant depositions. Because of Frontier's delay in producing timesheets, the EEOC was not aware until December 2022 that Frontier had them in its possession. As Claimant depositions proceeded, Frontier continued to produce cherry-picked timesheets showing only *some* time worked by Claimants.

One such time sheet produced by Frontier, attached as Exhibit B, records hours worked by various individuals in one week in January 2014, including Claimants Johnny Mitchell, Jonathan Jones, and Lewis Adams. The timesheet shows the days and hours Claimants worked and shows that Mike Oshirak (who is accused of repeatedly using the word "nigger" in the workplace) approved the timesheet. This information is incredibly important to establish when Claimants worked and for how long. This documentary evidence is essential given the amount of time that has passed. Without it, the only evidence is the testimony of Claimants and Frontier employees.[3] In Claimant Mitchell's case, for example, he testified at his deposition that he worked "before 2013 too," but that he could not remember when he started. Exhibit C, Excerpt of J. Mitchell Dep., at 36:4-6.

Since January, the EEOC has repeatedly conferred in good faith with Frontier's counsel seeking Claimant timesheets. *See* Exhibit D (January 12, 2023 email), Exhibit E (February 8, 2023 email chain), and Exhibit F (March 7, 2023 email chain). After Frontier prematurely moved for summary judgment and sanctions (ECF Nos. 98-99), the EEOC also filed letters explaining to the Court and reiterating for Frontier that it needs Claimants' timesheets in Frontier's possession.

---

[2] Coastal informed the EEOC in March 2020 that it had these documents and offered to make them available to the EEOC for in-person review. Due to the COVID-19 pandemic, from March 2020 until May 2022, the EEOC required employees to work remotely and strongly discouraged such in-person work.

[3] If Frontier is not compelled to produce these documents, Frontier could use timesheets to cross-examine Claimants that neither Claimants nor the EEOC would have seen beforehand.

*Frontier Must Provide Timesheets Showing When Claimants Worked*

The payroll records sought by the EEOC are relevant to central issues in this lawsuit and proportional to the needs of the case. *See generally* Fed. R. Civ. P. 26(b)(1). First, timesheets showing dates and hours worked by Claimants at Frontier are clearly relevant. When and how long Claimants worked at Frontier bears upon various core issues, including when Claimants worked there, how long Claimants endured harassment, who supervised Claimants, what management was present during and/or participated in harassment, and what workplace policies and procedures (if any) were in place. Indeed, Frontier cannot in good faith disagree and must concede this point given that it already produced selected weekly timesheets during Claimant depositions.

Second, Defendant must demonstrate that the relevant discovery sought by the EEOC is burdensome. *See Black Love Resists In the Rust by & through Soto v. City of Buffalo, N.Y.,* 334 F.R.D. 23, 28 (W.D.N.Y. 2019) ("[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive") (citation omitted). Frontier cannot meet this burden. Again, Frontier has already produced copies of some handwritten timesheets, showing that they are accessible and readily produced. Frontier could have collected Claimants' timesheets during any of their previous reviews and produced copies of relevant documents to the EEOC. Recently, for example, Frontier manager Jeff Pruet acknowledged having just "reviewed the weekly timesheets for 2012" looking for the name of Claimant David Wilson. *See* ECF No. 98-6, at Para. 19. Frontier cannot reasonably argue that such a review for other Claimants' names in its timesheets is out of proportion to the needs of the case. Indeed, if Pruet had simply looked for the Claimants' names during his previous reviews and produced copies of any documents he found, the discovery sought by the EEOC would already be complete and the parties would not need to ask the Court to resolve the issue.

*Conclusion*

For the foregoing reasons, the EEOC respectfully requests the Court to compel Frontier to produce weekly timesheets that show dates and times worked by Claimants.

Sincerely,

James E.B. Bobseine