UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,

v.

                                                      Civil Action No. 1:16-cv-00691

FRONTIER HOT-DIP GALVANIZING, INC.

                        Defendant.

## DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S APRIL 11, 2024 REPORT AND RECOMMENDATION

                    By:    SCHRÖDER, JOSEPH & ASSOCIATES, LLP

                              Linda H. Joseph, Esq.
                              Alicia C. Rood, Esq.
                              394 Franklin Street, Second Floor
                              Buffalo, NY 14202
                              Phone: (716) 881-4900
                              Fax: (716) 881-4909
                              Email: ljoseph@sjalegal.com
                                       arood@sjalegal.com

                              *Attorneys for Defendant*
                              *Frontier Hot-Dip Galvanizing, Inc.*

## **DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S APRIL 11, 2024 REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72 (b), Defendant, Frontier Hot-Dip Galvanizing, Inc. ("Defendant" or "Frontier") hereby submits its objections to Magistrate Judge H. Kenneth Schroeder, Jr.'s April 11, 2024 Report and Recommendation (the "Recommendation"). The Recommendation erred in failing to grant partial summary judgment as to Plaintiff's Complaint by reason of the following rulings that are the subject of this appeal to the District Court Judge and which portions of the Recommendation are being specifically identified here in accordance with Rule 72 (b) of the Local Rules for the Western District of New York:

1. **Claimant David Wilson:** The Magistrate Judge erred by finding that there are genuine disputed issues of material fact as to whether and when Claimant Wilson worked at Frontier and thereby erred in failing to grant summary judgment dismissing the claims of David Wilson with prejudice. Accordingly, the motion for summary judgment as to Claimant David Wilson should have been granted.

2. **Claimants Osborne, Artis and Turner:** The Magistrate Judge erred by ruling that the Faragher/Ellerth Affirmative Defense did not require summary judgment to be granted as to Claimants Andre Osborne, Cameron Artis and Charles Turner. The appeal of this ruling includes specifically the findings of the Magistrate's that Frontier failed to take steps to reasonably enforce its anti-discrimination policies. The appeal of this ruling also specifically objects to the Magistrate Judge's failure to recognize that these three claimants were employed by a temporary placement company known as Affinity which supplied these workers to Frontier and had its own anti-discrimination/harassment policy and reporting procedures as to which these Claimants had signed off that they understood the procedure for reporting any incident to Affinity. Importantly,

the record before the Court established that these individuals were fully aware of the anti-discrimination policies of both Frontier and Affinity but made no complaint to either Affinity or Frontier of any discriminatory events. These key facts demonstrate that (a) Frontier took reasonable steps to prevent discrimination; and (b) these three Claimants were on notice of the procedures for making a complaint and failed to do so, thereby entitling Frontier to summary judgment under the Faragher/Ellerth Affirmative Defense. Accordingly, the Magistrate Judge erred in ruling that "…while Frontier had an anti-discrimination policy on its books, the company did not take reasonable steps to see that it was made known to employees and enforced" (Report and Recommendation, Dkt. 118 at page 17).

## ARGUMENT

### THE SERIOUS ERRORS IN THE MAGISTRATE'S REPORT

#### A. THE MAGISTRATE JUDGE FAILED TO RECOGNIZE THAT THE EEOC DID NOT MEET ITS BURDEN OF DEMONSTRATING A DISPUTED ISSUE OF FACT AS TO WHETHER CLAIMANT DAVID WILSON WORKED AT FRONTIER.

On this motion for partial summary judgment, the EEOC had a burden in opposing the motion to "do more than simply show that there is some metaphysical doubt as to the material facts" but instead the law required that the EEOC "must come forward with specific facts showing that there is **a genuine issue for trial**." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original). In reaching the conclusion that "there are genuine disputed issues of material fact as to whether and when Claimant Wilson worked at Frontier" (Report and Recommendation, Dkt. 118 at page 5), the Magistrate Judge did not address—and indeed completely ignored—that the EEOC's opposition did nothing more than "show that there is a metaphysical doubt as to the material

3

facts" rather than showing "specific facts showing that there is a genuine issue for trial." Report and Recommendation, Dkt. 118 at pages 5 to 11. Thus, under the Supreme Court's decision in the *Matsushita* case, the Magistrate Judge was required to grant partial summary judgment dismissing with prejudice the claim of David Wilson.

Following are the facts which were before the Magistrate Judge which were ignored in the Report and Recommendation and which required a finding that, at best, the facts put forward in response to the summary judgment motion did nothing more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, *supra*, 475 U.S. at 586-87. These indisputable facts clearly show—contrary to the facts relied upon by the EEOC in its opposition to the summary judgment—that Mr. Wilson never worked at Frontier either in March of 2015 or in 2011 and/or 2012:

- Coastal was the only temporary staffing agency used by Frontier between 2011 and May of 2105. Defendant's SOF 12.

- Mr. Wilson testimony – which he did not change or correct on his errata sheet – admitted that he did not register with Coastal until 2014 (Appendix Exhibit 9, Wilson Tr. p. 33, lines 14 to 1 ("And did there come a time when you went to Coastal as opposed to the temporary agency you've been talking about? A. Yep. I went to Coastal in 2014."). Defendant's SOF 39.

- Mr. Wilson's testimony—which he did not change or correct on his errata sheet— (a) admitted that he was registered with other staffing agencies between 2010 and 2014; (b) provided detailed testimony of his employment history between 2010 and 2014; and (c) admitted that prior to registering with Coastal in 2014 he worked first for a packing company in Wheatfield for 15-16 months and then immediately got a job with General Mills where he worked continuously for another 17 months. Defendant's SOF 38. Appendix Exhibit 9, Wilson Tr. p. 30 ln. 18 to p. 33 ln. 3.

- Mr. Wilson's testimony admitted that, during 2014, he was placed by Coastal to work at a coffee factory earning $9 an hour where he worked for nine months until March of 2015. Defendant's SOF Appendix 9, Wilson Tr. p. 38 line 8 to p. 39 line 10

4

- Frontier's time sheets for March of 2015 showed that Mr. Wilson, while assigned to work at Fronter in March 2015, did not work any hours; Defendant's SOF 47 to 49 and Appendix Ex. 12.

- A 2015 Frontier Employee Report generated by Coastal and the testimony of a representative of Coastal representative established that Mr. Wilson's employment at Frontier was terminated because he was a "no show" on the single day he was assigned to work at Frontier. Defendant's SOF 22 to 25 and Appendix Exs. 4 and 6.

- Payroll Reports generated by Coastal and the testimony of Coastal's representative establishes that Mr. Wilson was not paid for any hours worked at Frontier during 2015. Defendant's SOF 17 to 20 and Appendix Exs. 4 and 5.

In light of these undisputed facts, the EEOC was required to come forth with facts—not conclusory allegations, conjecture, or speculation—to refute the evidence that Claimant Wilson never worked at Frontier either in 2011/2012 or 2015. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (noting that "[c]onclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact" (citation omitted)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). As the Supreme Court has noted "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

As clearly shown by the foregoing, the Magistrate Judge's Report and Recommendation failed to recognize that—based upon both well-established law and the record before the Court on this motion for partial summary judgment—it was necessary for the Court to find that the

5

EEOC utterly failed to meet its burden in opposing the motion for partial summary judgment dismissing Claimant Wilson's claims from the action.

The record before the Magistrate Judge clearly showed the failure of the EEOC to meet its burden in opposing the summary judgment motion as to Claimant Wilson. For example, despite recognizing in its opposition that Mr. Wilson's errata sheet is in direct conflict with the testimony upon which the EEOC relied, the EEOC incredibly claimed that Mr. Wilson worked at Frontier twice once in 2011 or 2012 and again 2015. EEOC's Memorandum of Law at p. 17. The EEOC attempted to create a disputed issue of fact as to whether Mr. Wilson worked at Frontier in March of 2015 by asserting that the meaning of the term "nc/ns" on the 2015 Frontier Employee Report is ambiguous and does not state that Mr. Wilson was a nc/ns on the first day he was assigned to work at Frontier. EECO's Memorandum of Law note 10. The Magistrate Judge ignored this record evidence and failed to recognize that the EEOC's claims of "ambiguity" were insufficient to establish a disputed issue of fact because Coastal's payroll clearly established that Mr. Wilson **never worked** any hours for Frontier in 2015 and **was never paid** by Coastal for any work he performed at Frontier. Defendant's SOF at 14 to 20.

As the record also shows, the EEOC has failed to come forth with any evidence that Coastal's 2015 payroll records were inaccurate or unreliable. Instead, the EEOC speculated that—because Frontier's supervisors recorded and reported hours employees worked to Coastal—somehow Frontier's failed to report hours worked by Mr. Wilson -- who was recorded as a "no show" – and that this supposedly explains why there is no record of his hours worked. Again, the Magistrate Judge apparently accepted these arguments and failed to recognize that this absurd speculation is not only unsupported by any evidence, but also is contradicted by Mr.

6

Wilson's own testimony and the testimony of Coastal's representative. Both Mr. Wilson and Coastal's representative testified that—if Mr. Wilson had worked for 14 days in 2015 and had not been paid—he would have complained about not being paid. Appendix Exhibit 9, Wilson Tr. p 53 lns 14-18; ; Appendix Exhibit 4, Kostlink Tr. p. 25 ln. 1 to 26 ln 7. Thus, the Report and Recommendation failed to recognize that EEOC presented no evidence that Mr. Wilson complained about not being paid, and indeed Coastal's representative testified that Coastal never received a complaint from any employee claiming that they worked for a company and were not paid at all. *Id.* In light of these undisputed facts, no reasonable jury could find that Mr. Wilson had worked at Frontier for 14 days in 2015, was not paid and never complained about not being paid. This is a perfect example of the situation in the *Scott* case, where the Supreme Court directed that a story like the one put forward here by the EEOC in opposition to Frontier's motion is one "which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes ruling on a motion for summary judgment." *Scott v. Harris, supra,* 550 U.S. at 380.

Similarly, Magistrate Judge also failed to address the absence of any showing by the EEOC of any admissible evidence that Mr. Wilson worked at Frontier in 2011 or 2012. The only evidence, other than Mr. Wilson's errata sheet, provided by the EEOC in opposition to Frontier's motion for partial summary judgment, consisted of a 2012 W-2 issued by CAS Resources Inc., a Professional Employer Organization ("PEO") used by Coastal in 2012. However, there is nothing in this W-2 which indicates that Coastal—as opposed to one of the other staffing agencies who contracted with CAS Resources Inc. to act as a PEO—was the staffing agency which placed Mr. Wilson in 2012. Not only is it pure speculation that Coastal was the staffing agency who placed Mr. Wilson in 2012, but it also contradicts Mr. Wilson's own testimony–**that he did not register**

7

**with Coastal until 2014**. Appendix Exhibit 9, Wilson Tr. p. 33, lns. 14 to 17: "And did there come a time when you went to Coastal as opposed to the temporary agency you've been talking about? A. Yep. I went to Coastal in 2014."

Likewise, the record before the Magistrate Judge also showed that, contrary to the EEOC's insistence that Mr. Wilson's errata sheet claiming to have been placed by Coastal with Frontier in 2011 or 2012 should be accepted as creating a disputed issue of fact, this self-serving errata sheet actually is in direct conflict with Mr. Wilson's sworn testimony that he did not register with Coastal **until 2014**. *Id.* As a result, not only would a jury have to disregard Mr. Wilson's sworn testimony that he did not register with Coastal until 2014, the jury also would have to completely disregard Mr. Wilson's detailed testimony regarding his employment history in which he specifically identified each employer he worked for between 2010 and 2014 and the staffing agencies who placed him during this period—testimony that again contradicts any argument that Mr. Wilson was working at Frontier during 2011 or 2012. Defendant's SOF 38. Appendix Exhibit 9, Wilson Tr. p. 30 line 18 to p. 33 line 3.

In summary, the record that was before the Magistrate Judge is such that no reasonable jury could believe that Claimant Wilson ever worked for Frontier—and it would be error as a matter of law for the EEOC's proposed set of facts as to Claimant Wilson to be submitted to a jury. Thus, this Court should not adopt the EEOC's preposterous version of the facts as to Claimant Wilson for purposes of ruling on Defendant's motion for summary judgment. *See, e.g., Scott v. Harris, supra,* 550 U.S. at 380, 127 S. Ct. at 1777; *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005).

## B. THE REPORT AND RECOMMENDATION ERRED IN FAILING TO GRANT SUMMARY JUDGMENT AS TO THE CLAIMS OF OSBORNE, ARTIS AND TURNER PURSUANT TO THE FARAGHER/ELLERTH AFFIRMATIVE DEFENSE.

The Magistrate Judge and the Parties all agree that under the Supreme Court's decisions in *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d. 633 (1998), Frontier is entitled to summary judgment if it (a) took reasonable steps to prevent discrimination; and (b) the claimants were on notice of Frontier's procedures for making a complaint and failed to do so. Report and Recommendation, Dkt. 118 at page 11. As shown below, however, despite the indisputable fact that Frontier met the foregoing requirements as to Claimants Osborne, Artis and Turner, the Report and Recommendation erred in failing to apply the Faragher/Ellerth Affirmative Defense which required the dismissal of the claims of these three claimants.

The EEOC did not dispute on the record below that Claimants Andre Osborne, Cameron Artis and Charles Turner were provided with copies of both Frontier's and Affinity Personnel's (the staffing agency used by Frontier at the time these individuals worked at Frontier) anti-discrimination policies. The EEOC also did not dispute that these Claimants failed to avail themselves of the complaint procedures set forth in those anti-discrimination policies. Defendant's SOF 59 to 76 and Appendix Exs. 17 to 26. Moreover, the Report and Recommendation actually acknowledges that the EEOC made these admissions.

Thus, it is undisputed on the record in this action that these three Claimants both knew of Frontier's and Affinity's anti-discrimination policies and made no claim of being subjected to discrimination.[1] These facts alone necessitated a finding—as to these three Claimants—that the

---

[1] While the Report and Recommendation specifically referenced the testimony of Michael Oshirak stating that he was not really sure if Frontier had a policy prohibiting discrimination in the workplace (Report and Recommendation, Dkt. 1 at page 14), Michael Oshirak is the first shift supervisor and only handles the onboarding

9

Faragher/Ellerth Affirmative Defense applied to the claims being asserted by these three claimants. Specifically, these undisputed facts show that, with respect to Claimants Osborne, Artis and Turner, Frontier (a) took reasonable steps to prevent discrimination; and (b) the claimants were on notice of Frontier's procedures for making a complaint and failed to do so. Since as to these three Claimants Frontier has clearly met the requirements of the Faragher/Ellerth Affirmative Defense, their individual claims should have been dismissed. *Faragher v. City of Boca Raton, supra,* 524 U.S. 775 and *Burlington Industries, Inc. v. Ellerth, supra,* 524 U.S. 742.

In an effort to avoid summary judgment, the EEOC attempted below to use the presence of graffiti at the facility in 2015 —when Frontier did not have a written anti-discrimination and complaint policy in place—to claim that Frontier cannot demonstrate that it took reasonable steps to prevent discrimination. This argument, like its arguments with respect to Claimant Wilson, relied on conclusory allegations, conjecture or speculation and is based on a version of the facts which no reasonable jury would accept. *Niagara Mohawk Power Corp. supra* 315 F.3d at 175; *Scott v. Harris, supra,* 550 U.S. at 380, 127 S. Ct. at 1777.

Even more importantly, the Magistrate Judge failed to recognize that these arguments by the EEOC had no application to the three claimants as to whom Frontier has sought summary judgment. It is undisputed that neither the Frontier, nor the EEOC, has asked the Court for summary judgment with respect to the claims filed by the Charging Parties, Mr. Basquin, and

---

of 1st shift personnel. Because Claimant Osborne and Claimant Turner were both on Second Shift and Claimant Artis was on Third Shift, Mr. Oshirak's lack of knowledge of with respect to Frontier's anti-discrimination policy is irrelevant to these individuals who worked on shifts not supervised by Oshirak. Moreover, as stated in the text above, all three claimants acknowledged that they were aware of both Frontier's and Affinity Personnel's anti-discrimination policies and failed to report any complaints under those policies. Thus, as discussed above, not only is Mr. Oshirak's testimony irrelevant to these three Claimants, but the Claimants' own failure to make complaints pursuant to the policies of which they were aware necessitates that their claims be dismissed pursuant to the Faragher/Ellerth Affirmative Defense.

10

Johnny Mitchell (who were employed during 2014 and 2015) or as to the other claimants who worked for Frontier in 2014 or 2015. Claimants Osborne, Artis and Turner were not employed during the time frame which preceded the adoption by Frontier of its anti-discrimination policy.

As to the EEOC's claims as to racist graffiti at Frontier's facility since 2015, these facts are not relevant to Defendant's motion because, as discussed in the record before the Magistrate Judge in support of Frontier's motion for partial summary judgment, the EEOC failed to show that Frontier's efforts to prevent racists graffiti by painting the walls black were not reasonable, or that Frontier was ever on notice that this graffiti existed. Indeed, this self-serving testimony is incredible as a matter of law given the EEOC's failure to even once ask to inspect Frontier's facility to document this graffiti.

In any event, the record before the Magistrate Judge clearly and indisputably established by reason of the Pruet Affidavit that, since 2015, Mr. Pruet has periodically inspected the breakroom and bathroom and has found no graffiti—facts confirmed by the testimony of other employees. Pruet Affidavit para. 24-30 and Exhibit B. Accordingly, there simply is no credible evidence in the record before the Court on this motion to show that there has been any graffiti or any failure by Frontier to reasonably enforce the anti-discrimination policies that admittedly were provided to these three Claimants. Hence, it is not surprising that these three Claimants made no complaints pursuant to the Frontier and Affinity anti-discrimination policies which Claimants Osborne, Artis and Turner admittedly received and understood.

In short, the EEOC's opposition to the motion for partial summary judgment—which was before the Magistrate Judge contained—no showing of any physical evidence of any graffiti present at Frontier's facility since 2015. Nor has the EEOC even argued in opposition to the Frontier's motion that painting the walls black and having Mr. Pruet periodically inspect the

bathroom was not a reasonable measure to prevent employees from placing graffiti on the walls of the breakroom and bathroom. Based on these undisputed facts, the EEOC provided no evidence—other than its own speculation—that Frontier was on notice of presence of graffiti at its facility after 2015, or that Frontier's efforts to prevent racist graffiti by painting the walls in the breakroom black were unreasonable.

Accordingly, the Report and Recommendation's failure to accept and apply the Faragher/Ellerth Affirmative Defense as to the claims of Claimant Andre Osborne, Cameron Artis and Charles Turner constitutes clear error and necessitates that summary judgment must be granted as to these three claimants. *Niagara Mohawk Power Corp. supra* 315 F.3d at 175; *Scott v. Harris, supra,* 550 U.S. at 380, 127 S. Ct. at 1777. In short, as with Claimant David Wilson, the EEOC's opposition to Defendant's Motion for partial summary judgment with respect to Claimants Andre Osborne, Cameron Artis and Charles Turner is based on conclusory allegations, conjecture, and speculation, As set forth above this is insufficient as a matter of law to defeat a motion for summary judgment. *Niagara Mohawk Power Corp. supra* 315 F.3d at 175; *Scott v. Harris, supra,* 550 U.S. at 380, 127 S. Ct. at 1777.

## CONCLUSION

For the reasons set forth in detail in Defendant's moving papers and more briefly above, the Court should grant Frontier's motion for partial summary judgment as to Claimants Wilson, Osborne, Artis and Turner and grant such other and further relief as it deems proper and just.

Dated: April 23, 2024
       Buffalo, New York

                          **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

                          */s/ Linda H. Joseph*
                          Linda H. Joseph, Esq.
                          394 Franklin Street, Second Floor
                          Buffalo, New York 14202
                          (716) 881-4902 – Telephone
                          (716) 861-1398- Cell Phone
                          (716) 881-4909 – Fax
                          ljoseph@sjalegal.com

                          *Attorneys for Defendant*