UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                         **Plaintiff,**

v.

                                                Civil Action No. 1:16-cv-00691

FRONTIER HOT-DIP GALVANIZING, INC.

                         **Defendant.**
_____

# DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE'S APRIL 11, 2024 REPORT AND RECOMMENDATION

                    By:    SCHRÖDER, JOSEPH & ASSOCIATES, LLP

                            Linda H. Joseph, Esq.
                            Alicia C. Rood, Esq.
                            394 Franklin Street, Second Floor
                            Buffalo, NY 14202
                            Phone: (716) 881-4900
                            Fax: (716) 881-4909
                            Email: ljoseph@sjalegal.com
                                         arood@sjalegal.com

                            *Attorneys for Defendant*
                            *Frontier Hot-Dip Galvanizing, Inc.*

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72 (b), Defendant, Frontier Hot-Dip Galvanizing, Inc. ("Defendant" or "Frontier"), hereby submits its reply memorandum in further support of its objections to Magistrate Judge H. Kenneth Schroeder, Jr.'s April 11, 2024 Report and Recommendation (the "Recommendation").

**ARGUMENT**

**A.    THE EEOC'S OPPOSITION SIMPLY CONFIRMS THAT THE MAGISTRATE JUDGE COMMITTED CLEAR ERROR**

As set forth in the Defendant's Objections to the Magistrate Judge's Recommendations, it is well settled that the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). As the Supreme Court has noted "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

The EEOC's Opposition not surprisingly does not dispute that Mr. Wilson repeatedly testified during his deposition that he worked at Frontier for two weeks in March of 2015 and that the documentary evidence demonstrated that his testimony was either false or mistaken. Nor does the EEOC dispute that it was only **after this testimony** was proven to be false that Mr. Wilson filed an errata sheet claiming that he worked for Frontier in 2011 or 2012. Defendant's Objections to the Recommendation at pages 4 to 5 and record evidence cited therein. Nor does the EEOC dispute that the record before the Magistrate also showed that Coastal Staffing was the only staffing agency used by Frontier in 2011 and 2012 and that Mr. Wilson left unchanged his testimony that: (a) Mr. Wilson did not register with Coastal – the **only** staffing agency used by

2

Frontier until **2014;** (b) prior to 2014, Mr. Wilson was registered with another staffing company and was employed continuously in 2011 and 2012—first at a packing company in Wheatfield and then by General Mills.  Despite these undisputed facts, the EEOC argues that the Magistrate properly found that a reasonable jury could find that Mr. Wilson worked for Frontier in 2012—a finding based solely upon Mr. Wilson's changed testimony and a W-2 issued to Mr. Wilson by CAS Resources Inc., a Professional Employer Organization ("PEO") used by Coastal in 2012.

This finding by the Magistrate Judge was a clear error for two reasons.  First, neither the Magistrate Judge nor the EEOC cite to any facts that the client on whose behalf CAS Resources issued the W-2 was Coastal and **not** the other staffing agency whom Mr. Wilson testified he worked for in 2012.  Second, neither the Magistrate Judge nor the EEOC cite any facts—other than pure speculation—that whoever the CAS Resources client was in 2012 actually placed Mr. Wilson with Frontier.  Indeed, as noted in the Defendant's objections, to reach this conclusion the jury would have to find that Mr. Wilson falsely testified that **he did not register with Coastal until 2014 and falsely testified that he was working elsewhere in 2012.**

In summary, in denying the Defendant's motion for summary judgment, the Magistrate Judge found that a reasonable jury would: (a) reject **all** of Mr. Wilson's testimony **except for** his belated claim after his deposition that he worked for Frontier in 2011 or 2012; and (b) speculate that the client of CAS Resources who employed Mr. Wilson in 2012 was Coastal and that Coastal in turn placed Mr. Wilson with Frontier.  Such a finding was a clear error as no reasonable jury could accept such a version of the facts.  *Scott v. Harris*, *supra,* 550 U.S. at 380, 127 S. Ct. at 1777;  *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005).

B.  **THE REPORT AND RECOMMENDATION ERRED IN FAILING TO GRANT SUMMARY JUDGMENT AS TO THE CLAIMS OF OSBORNE, ARTIS AND TURNER PURSUANT TO THE FARAGHER/ELLERTH AFFIRMATIVE DEFENSE**

Under the Supreme Court's decisions in *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d. 633 (1998), Frontier is entitled to summary judgment if it: (a) took reasonable steps to prevent discrimination; and (b) the claimants were on notice of Frontier's procedures for making a complaint and failed to do so.  The Parties do not dispute that Frontier has satisfied the second element of this defense—that Claimants Osborne, Artis and Turner were on notice at the time of both Frontier's and its staffing agency's procedures for making a complaint of discrimination and failed to do so.

The sole issue before the Magiatrate therefore was whether or not Frontier had taken reasonable steps to prevent the presence of graffiti at its facility after 2015.  The EEOC's Opposition simply repeats its arguments that the testimony of the claimants that graffiti was present creates issues of fact as to whether Frontier's efforts to paint the walls black and inspect the employee restrooms and breakroom were sufficient.  The EEOC does not dispute that there was no physical evidence in the record of graffiti present at Frontier's facility since 2015.  Instead, the EEOC, like the Magistrate, simply points to the testimony of the claimants that graffiti was present and that Frontier must have been on notice of its presence after 2015. This argument underscores the clear error made by the Magiatrate since this would render the defense meaningless.  That is, under the EEOC's and the Magistrate's finding, the mere fact that a claimant claims that an employer engaged in discriminatory conduct means that the employer was on notice of the conduct and "failed to take adequate steps to prevent discrimination."  This is not the Defendant's burden and actually defeats the entire purpose of the requirement that

4

employees must utilize an employer's procedures so as to afford the employer with the opportunity to take corrective action.

Neither the EEOC nor the Magistrate have cited any evidence—other than pure speculation —that Frontier was on notice of a presence of graffiti at its facility after 2015, or that Frontier's efforts to prevent racist graffiti by painting the walls in the breakroom black were unreasonable. Accordingly, the Report and Recommendation's failure to accept and apply the Faragher/Ellerth Affirmative Defense as to the claims of Claimant Andre Osborne, Cameron Artis and Charles Turner constitutes clear error and necessitates that summary judgment must be granted as to these three claimants. *Niagara Mohawk Power Corp,. supra,* 315 F.3d at 175; *Scott v. Harris*, *supra,* 550 U.S. at 380, 127 S. Ct. at 1777. In short, as with Claimant David Wilson, the EEOC's opposition to Defendant's Motion for partial summary judgment with respect to Claimants Andre Osborne, Cameron Artis and Charles Turner is based on conclusory allegations, conjecture, and speculation.  As set forth above this is insufficient as a matter of law to defeat a motion for summary judgment. *Niagara Mohawk Power Corp., supra,* 315 F.3d at 175; *Scott v. Harris*, *supra,* 550 U.S. at 380, 127 S. Ct. at 1777.

## **CONCLUSION**

For the reasons set forth in detail in Defendant's Objections and as briefly discussed above, the Court should grant Frontier's motion for partial summary judgment as to Claimants Wilson, Osborne, Artis and Turner and grant such other and further relief as it deems proper and just.

Dated: May 28, 2024
       Buffalo, New York

                              **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

                              s/ Linda H. Joseph
                              Linda H. Joseph, Esq.
                              394 Franklin Street, Second Floor
                              Buffalo, New York 14202
                              (716) 881-4902 – Telephone
                              (716) 861-1398 – Cell Phone
                              (716) 881-4909 – Fax
                              ljoseph@sjalegal.com

                              *Attorneys for Defendant*