UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

FRONTIER HOT-DIP GALVANIZING,
INC.,

        Defendant.

16-CV-691-LJV-HKS
DECISION & ORDER

---

On August 25, 2016, the plaintiff, the Equal Employment Opportunity Commission ("EEOC"), commenced this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Docket Item 1. It pursues this action on behalf of various claimants who allege they were discriminated against, harassed, and retaliated against based on their race or national original while they worked for the defendant, Frontier Hot-Dip Galvanizing, Inc. ("Frontier"). *Id.*; *see* Docket Item 118 at 3-4. On December 2, 2016, the case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 15.

On March 31, 2023, Frontier moved for partial summary judgment, Docket Item 98, and for sanctions, Docket Item 99; on September 29, 2023, the EEOC responded, Docket Items 112-114; and on November 10, 2023, Frontier replied, Docket Item 117. On April 11, 2024, Judge Schroeder issued a Report and Recommendation ("R&R") finding that Frontier's motions should be denied. Docket Item 118. Frontier then

objected to the R&R, Docket Item 119; the EEOC responded, Docket Item 121; and Frontier replied, Docket Item 122.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Schroeder. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to deny Frontier's motions for partial summary judgment and for sanctions.

## **LEGAL PRINCIPLES**

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is appropriate when 'there can be but one reasonable conclusion as to the verdict,' *i.e.*, 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant." *Id.* (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)). Conversely, "[s]ummary judgment should be denied if,

when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." *Id.* "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence." *Id.*

## DISCUSSION[1]

### I. MOTION FOR PARTIAL SUMMARY JUDGMENT

Frontier moves for summary judgment on the claims brought on behalf of four claimants: David Wilson, Andre Osborne, Cameron Artis, and Charles Turner. Docket Item 98-4. Judge Schroeder recommended denying that motion. For the reasons that follow, this Court agrees with Judge Schroeder's careful and thorough analysis.

#### A.  Wilson

Frontier moved for summary judgment on Wilson's claims because "Wilson [n]ever [w]orked [a]t Frontier." Docket Item 98-4 at 5. Judge Schroeder recommended denying that portion of the motion because "there are genuine disputes of material fact as to whether, and when, Wilson worked at Frontier." Docket Item 118 at 5-11.

Judge Schroeder provided a thorough and detailed recounting of the evidence relevant to Wilson's employment at Frontier. For example, he noted that Wilson testified at his deposition that he worked at Frontier for 14 days in March 2015 and that he recalled his supervisor's name, "the layout of the facility," and details about his work

---

[1] The Court assumes the reader's familiarity with the facts as set forth in the parties' filings, Docket Items 98-2 and 112-1, and the R&R, Docket Item 118. It refers to the facts only as necessary to explain its decision.

assignments.  *Id.* at 8.  And he noted that Wilson's errata sheet, submitted after his deposition, indicated that Wilson also had worked at Frontier in 2011 or 2012.  *Id.* at 8-9.

Likewise, Judge Schroeder thoughtfully addressed Frontier's reliance on employment records that Frontier said demonstrated that Wilson never worked at Frontier.  *Id.* at 6-7.  As he explained, the notations in those records that purportedly indicate that Wilson did not work at Frontier also appear in the employment records of employees who without question did work at Frontier.  *Id.* at 6-7.  "[T]he record is thus rife with genuine disputes of material fact regarding whether, and when, Wilson worked at Frontier," Judge Schroeder concluded.  *Id.* at 9.

Frontier now objects that the evidence identified by Judge Schroeder "d[oes] nothing more than show 'some metaphysical doubt as to the material facts'" surrounding Wilson's possible employment and that Wilson's claims therefore cannot survive summary judgment.  Docket Item 119 at 3-8 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).  It also contends that there are inconsistencies in Wilson's deposition testimony.[2]  *Id.* at 8.  And it asserts that the EEOC never produced any evidence that the payroll records upon which Frontier relied "were inaccurate or unreliable."  *Id.* at 6.

---

[2] Judge Schroeder correctly noted that inconsistencies in Wilson's testimony bear on the weight of that testimony, "not its admissibility."  Docket Item 118 at 10 (quoting *Express Freight Sys. Inc. v. YMB Enters. Inc.*, 2022 WL 2467176, at *5 (E.D.N.Y. Mar. 29, 2022)).  He also noted that "Wilson suffered several strokes prior to his deposition," which could have contributed to and explained any inconsistencies in his testimony.  *Id.*  This Court agrees with Judge Schroeder on both points.

4

Those arguments miss the mark. Judge Schroeder based his recommendation on specific, admissible evidence that Wilson did, in fact, work at Frontier. Frontier may be correct that there also is evidence suggesting that Wilson did not work at Frontier. But the relevant question is whether a reasonable jury could find that Wilson worked there. And as Judge Schroeder found, the answer to that question is yes: A jury could credit Wilson's deposition testimony describing his work at Frontier and conclude that there are bookkeeping errors in the employment records suggesting that Wilson did not work there.

Frontier's motion for summary judgment on Wilson's claims therefore is denied.

**B.    Osborne, Artis, and Turner**

Frontier also moved for summary judgment on the hostile work environment claims brought on behalf of Osborne, Artis, and Turner. Docket Item 98-4 at 18-20. Frontier based its argument on an affirmative defense that it says bars those claims. *Id.* Under that affirmative defense, an employer cannot be liable for a hostile work environment claim if "(1) 'the employer exercised reasonable care to prevent and correct promptly any discriminatory harassing behavior,' and (2) 'the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Id.* at 18 (alterations omitted) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010)). Judge Schroeder found that Frontier is not entitled to summary judgment because there are questions of material fact as to both elements of the affirmative defense. Docket Item 118 at 11-18.

5

Again, Judge Schroeder based his conclusion on specific evidence. For example, he noted that while new temporary Frontier employees—like the claimants here—"are presented with a binder" of workplace policies, "they are not given copies of the policies" to keep. *Id.* at 14. He also cited the deposition testimony of Michael Oshirak, Frontier's plan superintendent, who "testified he was 'not really sure' if Frontier has a policy prohibiting discrimination in the workplace" and that "Frontier does not provide employees . . . with training about laws that prohibit discrimination." *Id.* at 14-15. Oshirak also testified that "no one has ever reported discriminatory comments to him" even though "use of [racial slurs] at Frontier used to be common."[3] *Id.* Finally, Judge Schroeder cited "testimony from claimants that there was widespread racially discriminatory graffiti and language at Frontier both before and after its adoption of an anti-discrimination policy in 2015." *Id.* at 16. Based on all that evidence, Judge Schroeder concluded that there are "triable issues as to whether Frontier took reasonable care to prevent and correct promptly racially harassing behavior." *Id.*

Although that alone would defeat Fronter's motion for summary judgment, Judge Schroeder also analyzed the second prong of the affirmative defense: whether the claimant employees unreasonably failed to take advantage of available preventative or corrective measures. He concluded that Osborne's, Artis's, and Turner's failure to pursue remedial measures was not unreasonable for several reasons. *Id.* at 16-18. For example, Judge Schroeder explained, other claimants testified that they "complained to supervisors about the racist graffiti" but that "new graffiti" continued to appear at

---

[3] In fact, Judge Schroeder noted, "there is testimony that Oshirak" himself "use[d] racially derogatory terms" even after he was "discipline[d] for such conduct" in 2015. Docket Item 118 at 16.

6

Frontier. *Id.* at 17. In fact, "Osborne, Artis, and Turner each testified that the racially derogatory graffiti was so pervasive at Frontier that they believed management must have been aware of it and chose to take no action." *Id.* at 17-18. Judge Schroeder determined that "[w]hether this was a reasonable inference for these employees to draw is a question for a jury." *Id.* at 18. Therefore, he said, "triable issues exist as [to] the second prong" of the affirmative defense. *Id.* at 17.

Frontier objects that "it is undisputed" that Osborne, Artis, and Turner "knew of Frontier's . . . anti-discrimination policies and made no claim of being subjected to discrimination"; Frontier says that their claims fail on those "facts alone." Docket Item 119 at 9. But Frontier misstates the applicable test. The relevant questions here are (1) whether Frontier acted reasonably to prevent and correct discrimination and (2) whether Osborne, Artis, and Turner should have complained about discrimination in the workplace. Frontier's anti-discrimination policy bears on the first question; the fact that Osborne, Artis, and Turner did not complain bears on the second. But neither of those facts are dispositive of either element for the reasons Judge Schroeder correctly noted.

In sum, Frontier is not entitled to summary judgment on the claims brought on behalf of Osborne, Artis, and Turner.

## II.     MOTION FOR SANCTIONS

Frontier also moved for sanctions "based upon the [allegedly] unreasonable and vexatious conduct of the EEOC" connected to the claims asserted on behalf of Wilson, Osborne, Artis, and Turner. Docket Item 99-1. Judge Schroeder recommended denying that motion because it "is based on the same arguments contained in Frontier's

motion for partial summary judgment" and "presumes the merits of those arguments." Docket Item 118 at 18-19.

Frontier did not object to that recommendation. *See* Docket Item 119; *see also* Docket Item 121 at 4 n.2 (EEOC response asserting that "Frontier did not object to the portion of the R&R denying its motion for sanctions"); Docket Item 122 (Frontier's reply not contesting EEOC's assertion). This Court therefore need not review that portion of the R&R. *See Thomas*, 474 U.S. at 149-50. But regardless, this Court agrees with Judge Schroeder: Because there is no merit to the motion for partial summary judgment underlying the motion for sanctions, the motion for sanctions is denied as well.

## **CONCLUSION**

For the reasons stated above and in the R&R, Frontier's motions for partial summary judgment, Docket Item 98, and for sanctions, Docket Item 9, are DENIED. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of December 2, 2016, Docket Item 15.


SO ORDERED.


Dated:      July 1, 2024
            Buffalo, New York


                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE

8